**UNCLE HENRY'S, INC., Plaintiff**

v.

**PLAUT CONSULTING, INC., Defendant**

No. CIV. 01–180–B–H.

United States District Court, D. Maine.

July 8, 2003.

Stephen C. Whiting, Esq., Whiting Law Firm, P.A., Portland, ME, Edward P. Watt, Esq., Robert Bozelli, Esq., Watt & Associates, Austin, TX, for Uncle Henry's Inc., plaintiff.

James G. Goggin, Esq., Peter S. Black, Esq., John P. Dennis, Esq., Dale C. Keres-ter, Esq., Verrill & Dana, Portland, ME, for Plaut Consulting Co., Inc., defendant.

## ORDER ON MOTIONS FOR ENTRY OF JUDGMENT

HORNBY, District Judge.

Following a ten-day trial in this court, the jury found the defendant, Plaut Consulting, Inc. ("Plaut"), liable to the plaintiff, Uncle Henry's, Inc. ("Uncle Henry's"), on two counts: breach of contract and negligent misrepresentation. The jury awarded $402,000 and $202,000 in damages on each count, respectively. The jury found Uncle Henry's liable on Plaut's counterclaim for *quantum meruit*. It awarded Plaut $240,000 as compensation for the reasonable value of its services. *See* Jury Verdict Form (Docket No. 153). Upon return of the jury verdict, I was concerned about possible duplication in damage awards and informed the lawyers that judgment would not be entered until the parties had a chance to present written arguments on how the verdict should be interpreted. They have now presented those arguments, some of which extend into matters that are more appropriate as post-judgment motions for judgment as a matter of law or for new trial.

Uncle Henry's moves for entry of judgment in its favor in the amount of $604,000 and requests that this court enter a take-nothing judgment against Plaut. Uncle Henry's also requests attorney fees, costs and interest. *See* Pl.'s Mot. Entry J. at 1 (Docket No. 157). Plaut moves to limit Uncle Henry's judgment to $402,000 in total and to obtain its own judgment of $240,000. Plaut also requests that the judgment include an order that certain non-production computer equipment currently stored by Plaut be deemed abandoned if Uncle Henry's does not take possession of it within ten days of entry of the

judgment. *See* Plaut's Mot. Approve J. at 1–2 (Docket No. 156).

## I. BREACH OF CONTRACT AND NEGLIGENT MISREPRESENTATION

■ The jury found Plaut liable for breach of contract and awarded Uncle Henry's $402,000 in damages. The jury was instructed to calculate contract damages as follows:

> You may award as economic damages the greater, but not both, of the following two measures, if you find that the damages were caused by Plaut Consulting's material breach of the contract:
>
> (1) a complete refund of any amounts that Uncle Henry's paid to Plaut Consulting, together with the reasonable and substantiated costs that Uncle Henry's incurred in transferring the project to Stroudwater (not to be confused with the costs of completing the project); **OR**
>
> (2) the reasonable costs that Uncle Henry's incurred in making, in good faith and without unreasonable delay, any reasonable contract with Stroudwater to purchase services in substitution for those due from Plaut Consulting.

Jury Instrs. at 9–10 (Docket No. 151). The parties seem to agree that the jury proceeded under the second alternative in awarding $402,000.[1] See Pl.'s Mot. Entry J. at 2–3; Plaut's Opp'n Mem. at 4 (Docket No. 161). The evidence permitted the jury to find that Uncle Henry's agreed to pay Stroudwater that amount or more to develop the website that Plaut failed to deliver. *See, e.g.,* Trial Ex. 173. Damages in the amount of $402,000 on the breach of contract claim are therefore sustainable, and judgment shall be entered for Uncle Henry's accordingly on Count II.

■ The jury simultaneously awarded Uncle Henry's $202,000 in damages for negligent misrepresentation.[2] The parties dispute whether the $202,000 award is duplicative of the economic damages awarded to Uncle Henry's on its breach of contract claim.[3] One reason for my concern when

---

1. Under the first alternative, the only evidence presented at trial concerning refundable amounts that Uncle Henry's paid to Plaut totaled $202,000, representing $196,000 under the contract and $6,000 for separate website hosting services. *See, e.g.,* Trial Exs. 24, 51 (Trial Exhibit 24 is a $202,000 check from Uncle Henry's made payable to Edgewing with the memo line: "Initial deposit of $196,000 on $593,000 total and $6,000 hostin (sic)." Michael Picard, the Edgewing executive sponsor for the Uncle Henry's project, testified to the same. *See* Partial Trial Tr. (Apr. 15, 2003) at 58, 70.). The evidence concerning the costs of transferring the project to Stroudwater established that the amounts were modest. Together with any refunds, they came nowhere near the amount of damages awarded by the jury.

2. The jury was instructed to "award those out-of-pocket expenditures that Uncle Henry's incurred that were caused by Plaut Consulting's [negligent misrepresentation]." Jury Instrs. at 11 & 12.

3. A party is not entitled to recover duplicative damages. *Garshman Co., Ltd. v. Gen. Elec. Co.,* 176 F.3d 1, 5 (1st Cir.1999); *see also Szalla v. Locke,* 421 Mass. 448, 657 N.E.2d 1267, 1271 (1995) ("Where the same acts cause the same injury under more than one theory, duplicative damage recoveries will not be permitted."). Plaut argues that the $202,000 is duplicative because it represents recovery for the same injury under more than one theory. Specifically, Plaut contends that "[n]either party introduced any evidence of any out of pocket expenditure in the amount of (or for the matter totaling) $202,000 other than a check dated October 20, 2000" for the initial payment on the website development contract and certain website hosting services. Plaut's Mot. Approve J. at 5. On this basis, Plaut argues that the $202,000 is a contractual remedy and therefore is subsumed within the jury's award of $402,000 on the breach of contract claim. Uncle Henry's disagrees and argues that the damages (and conduct underlying the negligent misrepresentation cause of

the jury returned its verdict was that we had discussed the risk of duplication at the jury charge conference. Uncle Henry's lawyer then had minimized the likelihood of duplication, stating that on the fraud and negligent misrepresentation claims Uncle Henry's was seeking only the cost of separate computer equipment it had purchased to host the new website, and that he would make that clear in his closing argument. He in fact did so in his closing argument, requesting damages in the amount of $77,382.99 on the fraud and negligent misrepresentation claims:

> Did Plaut commit fraud on Uncle Henry's as the court has defined it. We submit the answer is clearly yes. What are the damages for that. The damages are that Uncle Henry's right after that, that same month, went out and purchased ... the Dell equipment. And in that Dell equipment, they spent $77,382.99 that would not have been spent because Justin testified we wouldn't have even gone forward with the contract had we known about that fraud.

> The next question is for negligent misrepresentation, and it's slightly different from fraud, but basically the same facts, *and the same number would apply there.*

Partial Trial Tr. (Apr. 17, 2003) at 28 (emphasis added). I conclude that Uncle Henry's limited its damages for negligent misrepresentation to $77,382.99, the price of the Dell computer equipment. *See South Port Marine, LLC v. Gulf Oil Ltd. P'ship,* 73 F.Supp.2d 17, 22 (D.Me.1999) ("During closing argument, moreover, the plaintiff's lawyer requested only $200,000 under this category, thereby waiving recovery of any amount over $200,000."),

*aff'd in part, reversed in part on other grounds,* 234 F.3d 58 (1st Cir.2000); *Finkelstein v. District of Columbia,* 593 A.2d 591, 597–98, 600–05 (D.C.1991) (en banc) (concluding that plaintiff limited his appeal for damages in his closing argument to the pain and suffering sustained by the victim during a narrow period of time).

■ The question remaining is whether the cost of the computer equipment is duplicative of the damages awarded on the plaintiff's breach of contract claim. Uncle Henry's purchased the computer equipment from Dell in mid-December 2000 in a transaction negotiated by Plaut. The computer equipment was purchased a few weeks before Plaut was originally due to complete the Uncle Henry's project, and Uncle Henry's needed the equipment to host the new website. There was no evidence presented at trial that Uncle Henry's had expended any money at this point in time on a replacement contract with Stroudwater, the basis for the jury's calculation of damages under Uncle Henry's breach of contract claim. I therefore conclude that the cost of the computer equipment is not duplicative of the damages awarded for breach of contract and enter JUDGMENT in favor of Uncle Henry's in the amount of $77,382.99 on its negligent misrepresentation claim (Count IV).

## II. QUANTUM MERUIT

■ The jury awarded Plaut $240,000 on its counterclaim for the reasonable value of the website development services it rendered to Uncle Henry's after May 14, 2001. To recover on a claim in quantum meruit, "a plaintiff must establish that '(1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) un-

---

action) are different from those awarded by the jury for breach of contract, and that there was ample evidence from which the jury

could have concluded that Plaut engaged in negligent misrepresentation prior to the December 7, 2000 contract.

der circumstances that make it reasonable for the plaintiff to expect payment.' " *Forrest Assocs. v. Passamaquoddy Tribe,* 760 A.2d 1041, 1045 (Me.2000) (quoting *Carvel Co. v. Spencer Press, Inc.,* 708 A.2d 1033, 1036 (Me.1998)). Damages are measured by the reasonable value of the services provided, not by the benefit realized. *Paffhausen v. Balano,* 708 A.2d 269, 271 (Me.1998).

Uncle Henry's argues that while it knew Plaut continued to develop the website after May 14, 2001, there was no expectation of payment over and above the original contract price of $593,000, and there was insufficient evidence presented at trial concerning the value of the services that were provided. *See* Pl.'s Mot. Entry J. at 5–6. Plaut responds with the following summary of some of the pertinent evidence presented to the jury:

- the deliverables (i.e. the website as developed by Plaut) and the functionality of those deliverables (as demonstrated by Dieter Karner as well as by Jesse Chunn),

- the value of Plaut's services in the form of testimony and documents regarding the contract between the parties (Trial Ex. 51; including the price agreed upon for the services),

- negotiations between the parties regarding the price for the website development agreement and the costs associated with such services,

- the cost of the labor and expenses for such services (including the testimony of John Toy that Plaut's labor and expenses on the Uncle Henry's project from May 14, 2001 through termination were approximately $1,300,000),

- testimony from Dieter Karner, John Toy, and Justin Sutton that Plaut and Uncle Henry's in essence re-started the project with a new team ("Team 2"),

- testimony from Dieter Karner and even from Uncle Henry's own expert, Jesse Chunn, that the site was fifty percent complete when the project was terminated,

- testimony from defendant's expert, Reed Simpson, and plaintiff's expert, Jesse Chunn, as to the quality of the work performed and the status of the website when the project was terminated by Uncle Henry's.

Plaut's Opp'n Mem. at 8 (footnoted omitted).

I denied Uncle Henry's motion for judgment as a matter of law at the close of the evidence. The Federal Rules of Civil Procedure do not contemplate another bite at the apple before judgment. *See* Fed. R.Civ.P. 50(a), (b), 59(b). Judgment shall therefore be entered on Plaut's counterclaim in the amount of $240,000.

### III. ABANDONMENT ORDER

At trial, the jury found for Plaut on Count V, thereby finding that Plaut did not convert the non-production computer equipment owned by Uncle Henry's. Plaut is currently storing the equipment at an Atra Van Lines facility and requests an order that the equipment be deemed abandoned if Uncle Henry's does not take possession of it within ten days from entry of the judgment. That issue was never presented during the case and I find no basis for entering such an order. The request is therefore **DENIED**.

### IV. ATTORNEY FEES, COSTS AND INTEREST

Uncle Henry's requests its reasonable attorney fees, costs and pre- and post-judgment interest. The contract provides that "in the event of ... a default and failure to cure on the part of either party ..., the other shall be entitled to recover

its cost of collecting any amounts due on account of such default, including reasonable attorney fees up to 20% of the related Statement of Work." Trial Ex. 51 ¶ 11.16; *see also id.* ¶ 7.2(c).[4] Under the terms of the contract, therefore, Uncle Henry's may recover attorney fees incurred for the successful litigation of its breach of contract and negligent misrepresentation claims. Plaut is not entitled to attorney fees because it did not recover under the contract.

### V. CONCLUSION

JUDGMENT is hereby entered in favor of the plaintiff Uncle Henry's and against the defendant Plaut in the amount of Four Hundred Two Thousand Dollars ($402,000) on the claims of breach of contract.

JUDGMENT is hereby entered in favor of the defendant Plaut and against the plaintiff Uncle Henry's on the claim of fraud.

JUDGMENT is hereby entered in favor of the plaintiff Uncle Henry's and against the defendant Plaut in the amount of Seventy–Seven Thousand Three Hundred Eighty–Two Dollars and Ninety–Nine Cents ($77,382.99) on the claim of negligent misrepresentation.

JUDGMENT is hereby entered in favor of the defendant Plaut and against the plaintiff Uncle Henry's on the claim of conversion.

JUDGMENT is hereby entered in favor of the plaintiff Uncle Henry's and against the defendant Plaut on the claim of oral modification of the contract.

JUDGMENT is hereby entered in favor of the defendant Plaut and against the plaintiff Uncle Henry's in the amount of Two Hundred Forty Thousand Dollars ($240,-

000) on the claim for the reasonable value of services.

The clerk shall assess interest on the damage recoveries. Each party shall bear its own costs. Uncle Henry's is AWARDED its reasonable attorney fees limited in accordance with the contract and limited to fees earned in connection with the claims on which it succeeded.

SO ORDERED.

---

**4.** The total value of the Statement of Work is $593,000. There was also evidence presented at trial of a proposed change order in the amount of $52,100. Using a total value of $645,100, any attorney fees are capped at $129,020 by the terms of the contract. *See also* Plaut's Mot. Approve J. at 9.