**UNCLE HENRY'S, INC, Plaintiff**

v.

**PLAUT CONSULTING, INC., Defendant**

**No. CIV.01–180–B–H.**

United States District Court, D. Maine.

July 7, 2005.

Stephen C. Whiting, Esq., Whiting Law Firm, P.A., Portland, ME, Edward P. Watt, Esq., Robert Bozelli, Esq., Watt & Associates, Austin, TX, for Uncle Henry's Inc., plaintiff.

James G. Goggin, Esq., Peter S. Black, Esq., John P. Dennis, Esq., Dale C. Kerester, Esq., Verrill & Dana, Portland, ME, for Plaut Consulting Co., Inc., defendant.

## ORDER ON MOTIONS

HORNBY, District Judge.

This was a hard fought case that resulted in a ten-day jury trial and an appeal. The First Circuit affirmed in all respects. Now the plaintiff, Uncle Henry's, Inc., is requesting attorney fees. The defendant, Plaut Consulting, Inc., objects, asserting that the request for fees is too late and does not contain adequate detail showing that the fees are for services for which recovery is permitted. I overrule the objection and award fees. I also resolve a dispute over pre- and post-judgment interest.

*Timeliness of the Attorney Fee Application*

On July 8, 2003, following the jury verdict and briefing from the parties as to what the judgment should include, I wrote:

### IV. ATTORNEY FEES, COSTS AND INTEREST

Uncle Henry's requests its reasonable attorney fees, costs and pre- and post-judgment interest. The contract provides hat "in the event of ... a default and failure to cure on the part of either party ...., the other shall be entitled to recover its cost of collecting any amounts due on account of such default, including reasonable attorney fees up to 20% of the related Statement of Work." Trial Ex. 51 ¶ 11.16; *see also id.* ¶ 7.2(c).[4] Under the terms of the contract, therefore, Uncle Henry's may recover attorney fees incurred for the successful litigation of its breach of contract and negligent misrepresentation claims. Plaut is not entitled to attorney fees because it did not recover under the contract.

[4] The total value of the Statement of Work is $593,000. There was also evidence presented at trial of a proposed change order in the amount of $52,100. Using a total value of $645,100, any attorney fees are capped at $129,020 by the terms of the contract. *See also* Plaut's Mot. Approve J. at 9.

*Uncle Henry's, Inc. v. Plaut Consulting, Inc.*, 270 F.Supp.2d 67, 72–73 & n. 4 (D.Me.2003) (alterations in original). I also directed that judgment be entered awarding Uncle Henry's "its reasonable attorney fees limited in accordance with the contract and limited to fees earned in connection with the claims on which it succeeded." *Id.* at 73.[1]

---

1. I took this action in response to Uncle Henry's motion for entry of judgment that stated: "Judgment in favor of Uncle Henry's should include pre-judgment interest, post-judgment interest, costs and attorney's fees, to be determined in the manner and at the time set out in the Federal Rules of Civil Procedure and the Local Rules of this Court." Pl.'s Mot. for

Local Rule 54.2 provides: "An application for attorneys' fees in those cases in which fees have been contracted for ... shall be filed within 30 days of the expiration of the time for filing a timely appeal."[2] If fees have not been contracted for and there is an appeal, the application is not to be filed until after the appeal's final disposition and then must be filed within 30 days of the filing of the appellate mandate. Plaut Consulting argues that the attorney fee in this case is a "contracted for" attorney fee and that the current request for fees is untimely because no application was filed within 30 days of the expiration of the time for filing an appeal. Instead, Uncle Henry's waited until after the appellate mandate was filed and then made its application within 30 days of that date. Uncle Henry's argues that its request is not for a "contracted for" attorney fee and that it therefore met the applicable deadline. Alternatively, Uncle Henry's asks permission to make a late filing.

■ The requested attorney fee is clearly a "contracted for" fee. I analyzed it as such in my Order of July 8, 2003. *Uncle Henry's*, 270 F.Supp.2d at 72–73. The analysis was correct then, and it is too late to challenge it now after the appeal has been decided. It is also the case, however, that Uncle Henry's did ask, following the jury verdict, for an entry of judgment that would include its attorney fees. Pl.'s Mot. for Entry of J. at 1, 9. Thus, Plaut Consulting is certainly not caught by surprise by Uncle Henry's' current detailed request. Moreover, in response to Uncle Henry's' request, I ruled explicitly that attorney fees were recoverable and identi-

fied the fee cap ($129,020) by virtue of the contract. *Uncle Henry's*, 270 F.Supp.2d at 72–73 & n. 4. As a result, we have the anomaly that judgment has been entered in Uncle Henry's' favor for reasonable attorney fees (with a cap of $129,020), but that no precise amount of fees has been specified. I conclude that the Local Rule is ambiguous on whether Uncle Henry's' request for judgment of attorney fees in a timely manner after the jury verdict, but without specifying the amount, met the requirements of the Local Rule. As a result, and given the judgment awarding attorney fees up to a cap, I now permit the late filing of Uncle Henry's' detailed application.[3] *See Crowley v. L.L. Bean, Inc.,* 361 F.3d 22, 28 (1st Cir.2004) ("[i]t certainly would have been permissible, and perhaps indeed appropriate, for the district court to ... consider[ ]" a late fee application where the moving party forfeited up to $180,000 in attorney fees and the delay did not prejudice the nonmoving party).

### Merits of the Attorney Fee Request

As I stated in my Order of July 8, 2003, the contract allows for fees for the "cost of collecting any amounts due on account of [a] default." I held that Uncle Henry's could "recover attorney fees incurred for the successful litigation of its breach of contract and negligent misrepresentation claims." *Uncle Henry's,* 270 F. Supp.2d at 72–73. Uncle Henry's has now submitted its statement ($790,343.30) for *all* the services it rendered, without attempting to segregate those related to breach of contract and negligent misrepresentation. Plaut Consulting argues that I should

Entry of J., With Authorities at 1 (Docket Item 157); *accord id.* at 9.

**2.** This language was in effect until November 13, 2003, when it was amended to specify that the appeal is to the Court of Appeals.

**3.** Indeed, had I been asked to award specific fees at the time, I probably would have deferred the request pending the appeal's outcome, since the fees depended on which claims survived.

therefore award *no* fees. Uncle Henry's responds by referring to various statutory fee claims cases where the courts have permitted a failure to segregate when the claims arise out of a "single chain of events" or a "common core of facts."

Uncle Henry's' statutory fee cases are not pertinent. Any fee award here is based solely upon a contract. Therefore all that matters is interpretation of the contract terms. Given the contract and my previous Order, Uncle Henry's should have made an attempt to segregate its legal services to the degree possible. On the other hand, Plaut Consulting has not challenged either the reasonableness of the lawyers' hourly rates or, except for the failure to accept settlement offers, the overall amount of time that Uncle Henry's' lawyers spent on the lawsuit. I will not reduce the fee award because of Uncle Henry's failure to accept Plaut Consulting's settlement offers. I am not satisfied that accepting Plaut Consulting's highest offer of $350,000 sixteen days before trial would have reduced Uncle Henry's fees below the cap. Moreover, the $350,000 offer would have been inclusive of fees, meaning that the net recovery to Uncle Henry's was lower.[4] Uncle Henry's received $479,382.99 on its claims; Plaut Consulting received $240,000 on its counterclaims.[5]

■ I know from my personal observation throughout the summary judgment practice, the motion practice, the ten-day trial and the post-trial motions that this case has been extremely hard fought on both sides, with complex legal and technical issues. Uncle Henry's' fees, therefore, do not surprise me. Given the fact that the contract caps any recovery of attorney fees at $129,020, I have no difficulty concluding that that amount is a reasonable fee for the services related to the claims for breach of contract and negligent misrepresentation.[6] Uncle Henry's' successful litigation of those claims easily amounted to 16% of its attorneys' time and effort in the overall lawsuit.[7]

*Pre- and Post–Judgment Interest*

■ The parties agree that interest on Plaut Consulting's counterclaim is gov-

4. Plaut Consulting claims that it made "offers up to $500,000" during the trial. Aff. of Dale C. Kerester ¶ 3 (Docket Item 204). Uncle Henry's says that Plaut Consulting only asked, without offering, if Uncle Henry's would consider accepting $500,000 paid out over time. Decl. of Edward P. Watt ¶ 5 (attached as Exhibit A to Docket Item 211).

5. In any event, a reduction of the fee award based on Uncle Henry's refusal to settle would make little difference because of the contractual cap on attorney fees. A 50% reduction would leave the total fees at $395,171.65. The cap of $129,020 is 33% of this amount, still a reasonable reflection of the proportional time and effort necessary for the breach of contract and negligent misrepresentation claims.

6. The contract providing for attorney fees is governed by Massachusetts law, so I look there for the standard for evaluating Uncle Henry's fee request. I consider:

the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation, and ability of the attorney[s], the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases.

*Linthicum v. Archambault,* 379 Mass. 381, 398 N.E.2d 482, 488 (1979); *see also WHTR Real Estate Ltd. P'ship v. Venture Distrib., Inc.,* 63 Mass.App.Ct. 229, 825 N.E.2d 105, 111–12 (2005) (noting that it is appropriate to consider the *Linthicum* factors in a case involving contracted-for attorney fees). These factors have either already been addressed, were not argued by the defendant, or do not affect the reasonableness of Uncle Henry's' fee.

7. The total fees were $790,343.30. The cap is $129,020. Simple mathematics yields the percentage of 16%.

erned by Maine statute. The statute provides that interest starts to run from the time a notice of claim is served on the other party or, where there is no notice of claim (as in this case), then "from the date on which the complaint is filed." 14 M.R.S.A. § 1602–B(5). I conclude that the only reasonable way to read the statute is to interpret the word "complaint" to mean the pleading asserting the claim in question, here Plaut Consulting's counterclaim. Accordingly, interest on Plaut Consulting's counterclaim shall run from the date Plaut Consulting filed its counterclaim against Uncle Henry's, not the earlier date that Uncle Henry's filed its complaint against Plaut Consulting. No other outcome makes sense.

I also conclude that prejudgment interest ends, and postjudgment interest begins, on the date of the original judgment, not the amended judgment. I reach that conclusion by analogy to interpretation of the appellate rule:

> In general, where a first judgment lacks an evidentiary or legal basis, post-judgment interest accrues from the date of the second judgment; where the original judgment is basically sound but is modified on remand, post-judgment interest accrues from the date of the first judgment.

*Cordero v. De Jesus–Mendez,* 922 F.2d 11, 16 (1st Cir.1990) (interpreting Fed. R.App. P. 37). Here, the original judgment was "basically sound." The amendment dealt only with application of prejudgment interest rates. It ruled that the Massachusetts prejudgment rate of 12% applied to Uncle Henry's recovery of contractual damages on Count II and that Maine prejudgment rates applied otherwise. Under the appellate analogy, prejudgment interest ends and postjudgment interest begins at the date of the first judgment.

The parties agree that any execution on the judgment shall be in a net amount (*i.e.,* subtracting amounts received by Plaut Consulting on its counterclaim).

### Conclusion

The defendant's motion to strike the plaintiff's application for attorney fees (included in Docket Item 203) is DENIED.

The plaintiff's motion for order for clarification regarding prejudgment interest (included in Docket Item 202) is GRANTED.

The plaintiff's motion for leave to file a late fee application (included in Docket Item 211) is GRANTED.

The plaintiff's motion for leave to file a consolidated response, an alternative motion, and to enlarge the page limit for the reply (Docket Item 210) is GRANTED.

The motion for attorney fees (included in Docket Item 202) is GRANTED. Uncle Henry's is AWARDED attorney fees of One Hundred Twenty–Nine Thousand Twenty Dollars ($129,020). Judgment shall be entered accordingly.

So ORDERED.