**Jeanne WORMELLE**

v.

**Clayton N. HOWARD.**

Supreme Judicial Court of Maine.

Argued June 9, 1987.

Decided June 24, 1987.

Joyce A. Wheeler (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for plaintiff.

Edward G. Dardis (orally), Howard & Bowie, Damariscotta, for defendant.

Before McKUSICK, C.J., GLASSMAN and SCOLNIK, JJ., and WERNICK, A.R.J.

GLASSMAN, Justice.

In this post-judgment contempt proceeding Clayton N. Howard appeals from a judgment entered by the Superior Court, Lincoln County, ordering him to pay to Jeanne Wormelle, his ex-wife, $21,895.33 in interest pursuant to a provision of the underlying 1981 judgment of divorce. Howard contends on appeal that the Superior Court misinterpreted this provision to require the accrual of compounded interest from the date of the 1981 judgment even though installment payments of principal were paid in full and in a timely fashion. Howard also argues that the Superior Court lacked authority to order the accrual

of interest from the date of the 1981 judgment because of the statutorily prescribed interest provisions set forth in 14 M.R.S.A. § 1602 (1980). We disagree with both contentions and affirm the judgment.

As part of the overall equitable division of marital property, the original divorce court ordered that $56,675.44 be transferred from Howard to Wormelle over a five year period of time to be paid in the following manner:

(a) $4,000—30 days from date hereof.

(b) $4,000—60 days from date hereof.

(c) $2,000—one year from date hereof.

(d) $11,668.86 on October 1, 1983, October 1, 1984, October 1, 1985 and October 1, 1986.

Interest to be compounded at the rate of 10% per annum on the unpaid balance and payable in full October 1, 1986.

On or before October 1, 1986 Howard forwarded the final installment check to Wormelle with a restrictive endorsement intended to free Howard of any further obligations to Wormelle, including any interest that may have been due. When Howard refused to pay the final installment without the restrictive endorsement, Wormelle filed motions for contempt and issuance of execution, seeking a court order directing Howard to pay the final installment plus $21,895.33 due in compounded interest. Howard subsequently paid the scheduled installment but declined to pay the interest. After a hearing on the motions, the court ordered Howard to pay Wormelle compounded interest accrued from the date of the 1981 judgment.

■ Howard argues the court improperly construed the pertinent provision of the 1981 divorce judgment to allow interest to accrue on the unpaid balance of $56,675.44 until the principal amount was paid in full. He contends the provision must be interpreted to provide that only if he had been delinquent in any payment and Wormelle had sought and obtained a "money judgment" against him could she then recover interest on the amount of that judgment with such interest being payable October 1, 1986.[1] This interpretation ignores the plain, unambiguous language of the judgment: "Interest to be compounded at the rate of 10% per annum on the unpaid balance and payable in full October 1, 1986." The Superior Court correctly interpreted this unambiguous statement in the 1981 judgment in computing the interest owed to Wormelle.

■ Howard also contends that even if the interest provision was properly interpreted by the Superior Court, the trial court lacked authority to order that provision in the 1981 judgment. He argues that where, as here, there is no express agreement of the parties, interest on an obligation can only be imposed in accordance with 14 M.R.S.A. § 1602.[2] Section 1602, however, has no application to the facts of this case. That statute does not place constraints on a trial court's authority to make an equitable division of marital property. The court's authority to divide marital property is derived from 19 M.R.S.A. § 722-A (1981). Section 722-A "confers those powers necessary to render effective the power to divide." *Lord v. Lord*, 454 A.2d 830, 834 (Me.1983). The trial court was well within its authority to provide for the payment of compounded interest by Howard to Wormelle on the unpaid balance

---

1. Howard relies on *Raymond v. Raymond*, 480 A.2d 718 (Me.1984), to support his view that post-judgment interest is recoverable in divorce actions only in accord with section 1602. This court's interpretation of section 1602 in *Raymond*, however, merely acknowledges that delinquent alimony payments are subject to post-judgment statutory interest penalties. Section 1602 does not strip a divorce court of the power to make an equitable division of marital property.

2. In 1981, 14 M.R.S.A. § 1602 provided in pertinent part:

In all civil actions ... [f]rom and after the date of entry of an order or judgment including the period of the pendency of an appeal, interest shall be allowed at the rate of 10% per year.

of the marital property set aside to Wormelle.

The entry is:

Judgment affirmed.

All concurring.