**Priscilla M. SAWYER**

v.

**Oscar WALKER.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 21, 1990.
Decided April 3, 1990.

(Emphasis added)

Leonard I. Sharon and Justin W. Leary, Robert A. Laskoff, P.A., Lewiston, for plaintiff.

Oscar Walker, Bangor, pro se.

Before McKUSICK, C.J., and GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Plaintiff, Priscilla M. Sawyer, appeals the Superior Court's (Penobscot County, *Browne, A.R.J.*) order on costs arising from her successful civil action against defendant, Oscar Walker. Plaintiff contends that the Superior Court erred by refusing to allow her to recover any prejudgment interest to which she claims she is entitled under 14 M.R.S.A. § 1602(1) (Pamph.1989). We agree with plaintiff and modify the order accordingly.

On October 5, 1984, plaintiff filed a complaint in the Superior Court against defendant. On March 24, 1989, the jury awarded plaintiff $7,367 compensatory damages with interest. In her motion and bill for costs, plaintiff requested prejudgment interest "from the date the complaint was filed until the date the order of judgment is issued." The Superior Court denied plaintiff's request for any prejudgment interest on the ground that though plaintiff "stated for some periods during the pending of this action she could not be entitled to interest[,] ... [s]he ... requested interest for the full period without attempting to identify the amount to which she might have been entitled."

Plaintiff acknowledges that she is not entitled to prejudgment interest for the two periods of time which elapsed due to plaintiff's request for a continuance. Plaintiff should have specified the time periods for which she was entitled to interest in her motion and bill for costs. However, plaintiff argues that the Superior Court should have required her to present additional evidence of the amount of interest to which she was entitled rather than denying her claim altogether. Plaintiff is correct.

Section 1602 states in pertinent part that [in] all civil actions, ... prejudgment interest shall be assessed ... [and] shall accrue from the time of notice of claim ... until the date on which an order of judgment is entered.

If the prevailing party at any time requests and obtains a continuance for a period in excess of 30 days, interest shall be suspended for the duration of the continuance. On petition of the nonprevailing party and on a showing of good cause, the trial court may order that interest awarded by this section shall be fully or partially waived.

14 M.R.S.A. § 1602(1) (Pamph.1989).

"[A] prevailing party has *a right*, although defeasible in some circumstances, to prejudgment interest." *Purwin v. Robertson Enterprises, Inc.*, 506 A.2d 1152, 1154 (Me.1986) (emphasis added). The "right" of a prevailing party to prejudgment interest is defeasible only when the prevailing party obtains a continuance of longer than thirty days or when the nonprevailing party petitions and shows good cause that it should be waived altogether. The plaintiff admits the occurrence of the

first exception, and it is undisputed that the second never occurred. The statutory language does not indicate that judicial discretion in regard to prejudgment interest might operate for any other reason than where the nonprevailing party shows good cause why the interest should be waived. The proper mechanism to address the Superior Court's concerns with plaintiff's request is provided by 14 M.R.S.A. § 1502–D (Pamph.1989), which authorizes an evidentiary hearing on the reasonableness of any challenged costs or interest requested by the prevailing party pursuant to sections 1502–B or 1602.

Accordingly, the Superior Court did not have the authority to completely deny plaintiff's request for prejudgment interest.

The entry is: Order on costs modified in accordance with opinion herein to include an award of prejudgment interest. Remanded to Superior Court with instruction to determine amount of prejudgment interest to which plaintiff is entitled.

All concurring.