## Priscilla M. SAWYER
### v.
## Oscar WALKER.

Supreme Judicial Court of Maine.

Submitted on Briefs March 6, 1991.
Decided April 3, 1991.

Oscar Walker, pro se.

Robert A. Laskoff, Leonard I. Sharon, Lewiston, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

PER CURIAM.

Oscar Walker filed a notice of appeal from an order entered by the Superior Court (Penobscot County, *Browne, J.*) denying his post-trial motion for relief from an order entered on August 31, 1990 and imposing sanctions against Walker pursuant to M.R.Civ.P. 11. The August 31, 1990 order was entered by mandate of this court and awarded prejudgment interest to the plaintiff, Patricia Sawyer, pursuant to 14 M.R.S.A. § 1602(1) (Supp.1990) in connection with a judgment in her favor entered on March 31, 1989. *See Sawyer v. Walker,* 572 A.2d 498 (Me.1990). On appeal, Walker makes no reference to the order from which he has appealed and, instead, contends that he is entitled to relief from the March 31, 1989 judgment pursuant to M.R. Civ.P. 60(b).[1] We find no merit in any of Walker's contentions on appeal and we affirm.

By any objective standard, Walker's appeal is frivolous. Under circumstances such as these, M.R.Civ.P. 76(f) authorizes the imposition of sanctions. *See Murphy v. Daley,* 582 A.2d 1212, 1213 (Me.1990). To deter abuse of the appellate process, we impose Rule 76(f) sanctions of treble costs and $350 in attorney fees.

The entry is:

Order affirmed. It is further ordered that appellant Oscar Walker pay to the appellee Priscilla M. Sawyer treble costs and $350 toward attorney fees.

All concurring.

---

1. We note that Walker never presented a Rule 60(b) motion to the Superior Court and, thus, the issues raised on appeal are not properly before this court. Had such a motion been presented, it would have been properly dismissed as untimely.