2002 ME 155

**David BOURKE et al.**

v.

**CITY OF SOUTH PORTLAND et al.**

Supreme Judicial Court of Maine.

Argued: Sept. 10, 2002.
Decided: Sept. 24, 2002.

Thomas B. Federle, Esq. (orally), Dyer, Goodall and Federle, LLC, Augusta, for plaintiffs.

Mary Kahl, Esq. (orally), Corporation Counsel, South Portland, Natalie L. Burns, Esq. (orally), Jensen Baird Garner & Henry, Portland, (for A.E. Brown Company), for defendants.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] David Bourke and other members of the Willard Neighborhood Association (plaintiffs) appeal from a judgment of the Superior Court (Cumberland County, *Humphrey, J.*) affirming decisions of the South Portland Planning Board and Board of Appeals. We dismiss the appeal as untimely.

[¶ 2] The Planning Board and Board of Appeals approved the application of A.E. Brown Company, Inc., for site plan approval and major subdivision approval for a ten-unit condominium development in the Willard Beach area, to be called Beach Landing. The plaintiffs brought two appeals from those approvals to the Superior Court pursuant to M.R. Civ. P. 80B. The court entered its judgment affirming the two Board decisions on January 17, 2002. The docket sheet recites that copies were mailed to counsel on that date, but it is undisputed that no copies were mailed. The plaintiffs did not receive notice of the entry of judgment until their attorney spoke to the clerk's office on March 15, and their attorney did not receive a copy of the judgment until March 18. The plaintiffs filed a notice of appeal on April 8, eighty-one days after entry of judgment.[1]

[¶ 3] The plaintiffs' appeal is untimely. A notice of appeal must be filed within twenty-one days from entry of judgment, except that for excusable neglect the trial court can grant an extension of time for an additional twenty-one days.[2] M.R.App. P. 2(b)(3), (5). The plaintiffs did not receive timely notice of the judgment as required by M.R. Civ. P. 77(d), but that rule further provides: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the Maine Rules of Appellate Procedure." The appellate rules offer the plaintiffs no relief; a twenty-one day extension of time would not have been enough, and M.R.App. P. 14(c) does not permit a suspension of the time limits of M.R.App. P. 2. The result under our appellate rules is clear: the appeal must be dismissed.

---

1. On the same day, the plaintiffs filed a motion for relief from judgment pursuant to M.R. Civ. P. 60 that sought an order revising the date of entry of the decision and order from January 17 to March 22, the date it was mailed by the clerk to the parties. The court denied the motion and the plaintiffs brought a timely appeal. Because their brief does not allege any error by the court in denying the motion, we dismiss the appeal from the Rule 60 judgment (which we consolidated with the appeal from the original judgment) for want of prosecution.

2. No extension of time was granted. The plaintiffs filed a motion for an extension, the court denied it, and the plaintiffs have not appealed from that denial.

[¶ 4] Our caselaw is consistent with the rules. Strict compliance with the time limits of M.R.App. P. 2(b), formerly M.R. Civ. P. 73(a), is a prerequisite to the Law Court entertaining an appeal. *E.g., Lussier v. Oxford Dev. Assocs.,* 1997 ME 117, ¶ 5, 695 A.2d 1188, 1189–90. The limits are "unaffected by the failure of the party intending to appeal to learn of the entry of judgment ... even if such failure is caused by the Clerk's omission to give notice of the entry of judgment on the docket." *Harris Baking Co. v. Mazzeo,* 294 A.2d 445, 451 (Me. 1972). Our unambiguous precedents and the plain language of the rules require a dismissal of this appeal.

The entry is:

Appeals dismissed.