2004 ME 147

**Richard AVERY**

v.

**KENNEBEC MILLWORK, INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 9, 2004.

Decided: Dec. 3, 2004.

---

rate to be applied, we modify the judgment, affirm the judgment as modified, and remand to the Superior Court for the proper calculation of interest.

[¶ 2] Avery was employed by KMI from 1992 until 1999. In 2002, Avery filed a complaint against KMI in the Superior Court seeking compensation for unpaid overtime pay pursuant to 26 M.R.S.A. § 664(3) (Supp.2003), and for unpaid vacation time pursuant to 26 M.R.S.A. § 626 (Supp.2003). At trial, a primary contested issue was whether Maine's minimum wage statute, 26 M.R.S.A. §§ 661–672 (1988 & Supp.2003), applied to Avery. The court concluded that the minimum wage statute and its hourly and overtime pay requirements did apply to Avery. KMI no longer challenges that conclusion. The court awarded damages to Avery, including unpaid overtime, unpaid vacation time, liquidated damages, and interest, in the total amount of $23,944. Avery, in his appeal, asserts various errors in the calculation of his damages.

C.H. Spurling, Spurling Law Offices, Gardiner, for plaintiff.

David P. Ray, Bernstein, Shur, Sawyer & Nelson, P.A., Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Richard Avery appeals from a judgment of the Superior Court (Kennebec County, *Studstrup, J.*) following a nonjury trial. Avery contends that the court erred in calculating the regular hourly and overtime pay, interest, and liquidated damages owed to him by his former employer, Kennebec Millwork, Inc. (KMI). Although we affirm the trial court's judgment in most respects, because of a minor error in the calculation of damages and the incorrect determination of the applicable interest

[¶ 3] Our review of an award of damages is "highly deferential," as "[t]he assessment of damages is within the sole province of the fact[-]finder." *James v. MacDonald,* 1998 ME 148, ¶ 11, 712 A.2d 1054, 1058–59. "A damage award will be disturbed only when it is plain that there is no rational basis upon which the amount of the award may be supported. A rational basis exists if there is any competent evidence in the record to support it." *Id.* (quoting *Bourette v. Dresser Indus., Inc.,* 481 A.2d 170, 174 (Me.1984)).

## I. REGULAR HOURLY AND OVERTIME PAY

[¶ 4] Avery first contends that the court erred in calculating his regular hourly and overtime pay. The court concluded, based on sufficient competent evidence,

that the arrangement between Avery and KMI was one in which Avery was paid a base rate for forty-five hours of work per week, and then at an overtime rate for all hours above forty-five. Thus, to determine the actual hourly rate to which the parties had agreed and therefore the extent of KMI's underpayment, the court divided the forty-five-hour base rate by forty-five. The court then calculated Avery's overtime rate by multiplying the resulting regular hourly rate by 1.5, and applied that overtime rate to the time over forty hours per week. Contrary to Avery's contention, we find no error in the method the court used to calculate his damages.

[¶ 5] As part of its calculation, however, the court determined that Avery had been underpaid by $5 per hour for five hours per week for eleven weeks in 1996. The court calculated that sum as $55, or $5 multiplied by eleven weeks. That calculation reflects a mathematical mistake, as $5 per hour for five hours per week for eleven weeks totals $275. Thus Avery is owed an additional $220, or the correct amount of $275 minus the $55 actually awarded. There were no other errors in the court's calculation of Avery's regular hourly and overtime pay.

## II. INTEREST

■ [¶ 6] Avery also contends that the court erred in failing to award the proper amount of interest on his damages pursuant to 14 M.R.S.A. § 1602, now 14 M.R.S.A. § 1602–B (Supp.2003).[1] The court awarded five percent interest pursuant to 26 M.R.S.A. § 626.[2]

[¶ 7] Section 1602–B provides, in pertinent part: "In civil actions ... prejudgment interest is allowed at the one-year United States Treasury bill rate plus 3%." 14 M.R.S.A. § 1602–B(3). Section 1602–B is broad in scope, and applies to *all* civil actions except small claims actions and actions involving a contract or note that already contains an interest provision. 14 M.R.S.A. § 1602–B(1), (2). It is undisputed that Avery's case is a civil one, to which neither of the exceptions in section 1602–B applies.

[¶ 8] In construing the predecessor statute, section 1602, we said: "We read our interest statute ... to mean that one is entitled to interest as a matter of right at [the rate provided in the statute] ...." *Ginn v. Penobscot Co.*, 342 A.2d 270, 278 (Me.1975). "Indeed, it is a well established rule that existing statutes affecting judgments and mandates at the time of entry or issuance become a part of them and must be read into such judgments and mandates as if an express provision to that effect were inserted therein." *Id.* at 276. The provisions of Maine's prejudgment interest statute should therefore be applied to Avery's award of damages, entitling Avery to interest at the rate of the one-year United States Treasury bill rate plus three percent. On remand, the clerk of the Superior Court should calculate the interest on the judgment in favor of Avery in accordance with 14 M.R.S.A. § 1602–B.

## III. LIQUIDATED DAMAGES

[¶ 9] Pursuant to 26 M.R.S.A. § 670 (1988), the trial court awarded liquidated damages equal to the amount of actual damages for the unpaid overtime. Avery

---

1. Section 1602 was repealed prior to the court's decision by P.L. 2003, ch. 460, § 6 (effective July 1, 2003), and replaced by 14 M.R.S.A. § 1602–B (Supp.2003).

2. The five percent interest was awarded on the withheld vacation time pay. Section 626 provides that damages awarded pursuant to that section must include a *reasonable* rate of interest. 26 M.R.S.A. § 626.

contends that the court erred in this calculation because liquidated damages should have been awarded in the amount of *double* the actual damages pursuant to 26 M.R.S.A. § 626. We disagree.

[¶ 10] Count I of Avery's complaint seeking overtime pay was brought pursuant to, and cites to, 26 M.R.S.A. § 664 (Supp. 2003), which is part of the minimum wage statute. Section 664 sets out the minimum wage and overtime compliance requirements. Violations of section 664 entitle employees to the remedies provided in section 670. 26 M.R.S.A. §§ 664, 670. Thus, Avery sought relief for unpaid overtime pursuant to section 664, and the court awarded damages for unpaid overtime pursuant to the corresponding remedies provision, section 670. Section 670 provides for liquidated damages in an amount *equal* to, *not* double the amount of actual damages. There was, therefore, no error in the court's calculation of liquidated damages.

[¶ 11] We modify the judgment to reflect the minor $220 error in the calculation of overtime pay and, as modified, remand to the Superior Court for calculation of the interest on Avery's judgment pursuant to 14 M.R.S.A. § 1602–B.

The entry is:

Judgment modified, and affirmed as modified. Remanded to the Superior Court for the proper calculation of interest.