2006 ME 115

**Brenda R. BROWN**

v.

**Roger L. HABRLE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 12, 2006.

Decided: Sept. 26, 2006.

Richard A. Currier, Esq., Currier & Trask, P.A., Presque Isle, for plaintiff.

Barbara A. Cardone, Esq., Barbara A. Cardone, P.A., Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, CALKINS, LEVY, and SILVER, JJ.

CLIFFORD, J.

[¶ 1] Roger L. Habrle appeals from an order entered in the District Court (Houl-

ton, *O'Mara, J.*) denying his motion to vacate a divorce judgment dissolving his marriage to Brenda R. Brown. Habrle contends that, because he was not served by the clerk of the court with notice of the filing of the referee's report pursuant to M.R. Civ. P. 53(e)(1), the court erred in denying his motion to vacate the divorce judgment, which incorporated the terms of the report. We agree with Habrle's contention, and vacate the judgment.[1]

## I. BACKGROUND

[¶ 2] Brown and Habrle married in 1988. Brown filed for divorce in 2001. The parties agreed to submit their divorce proceedings to a referee pursuant to Rule 53.

[¶ 3] The referee held a three-day hearing in January of 2005. At the end of the hearing, the referee took the case under advisement. Prior to filing his final report with the court, the referee shared several drafts with the parties and received their suggestions.[2] Although the referee did provide the parties with a draft copy of his final report, he never provided both parties with a copy of the signed, final report. Brown's attorney revised the final draft report and e-mailed a copy of that draft revision to the referee, and to Habrle's attorney on August 15, 2005. In the e-mail, Brown's attorney noted that he would prepare a proposed draft divorce judgment that would incorporate the referee's report, and that he would forward the draft judgment to the clerk. That same day, the referee sent the parties an invoice that stated: "[T]he report went out today." The next day, Brown's attorney mailed the clerk a proposed draft divorce judgment,

with a copy to Habrle's attorney, and indicated to the clerk that the referee "will be filing a Referee's Report at your office sometime this week."

[¶ 4] The referee filed his final report with the court on August 17, 2005, by hand delivering it to the clerk. The referee expected that the clerk would notify the parties of the filing date. *See* M.R. Civ. P. 53(e)(1). The referee was aware that Habrle was considering filing objections to the report, but the referee did not inform the parties that he had filed the report. The clerk failed to mail notice of the filing to either party as is required by M.R. Civ. P. 53(e)(1), and Habrle did not file an objection to the referee's report within ten days, as is required by M.R. Civ. P. 53(e)(2).

[¶ 5] No timely objections to the referee's report having been filed, the court issued a divorce judgment on September 6, 2005, incorporating the terms of the referee's report. On September 16, Habrle filed a motion to vacate the divorce judgment, contending that, because the clerk did not mail notice of the filing of the referee's report to the parties pursuant to Rule 53(e)(1), he was denied the opportunity to file objections to the report. He sought an order vacating the divorce judgment, and an order requiring the clerk to serve him with notice of the filing of the report so that he could then have ten days to file his objections to the report. *See* M.R. Civ. P. 53(e)(2).

[¶ 6] The court denied Habrle's motion based on its conclusion that Habrle received sufficient notice from the correspon-

---

1. Because we vacate the court's judgment, and remand to the District Court for further proceedings, we do not address Habrle's additional contention that the referee's award of spousal support to him pursuant to 19–A M.R.S. § 951–A(5) (2005) is inadequate.

2. Maine Rule of Civil Procedure 53(e)(4) provides in pertinent part: "Before filing a report a referee may submit a draft thereof to counsel for all parties for the purpose of receiving their suggestions."

dence he received from the referee and Brown's attorney. Notwithstanding the failure of the clerk to provide both parties with notice of the filing of the referee's report, the court concluded that the notice requirement found in Rule 53(e)(1) can be satisfied by notice from a referee as well as a clerk, and found that, because the referee had given Habrle's attorney notice of the filing, Habrle had actual notice of the filing no later than August 18, 2005. Habrle then filed this appeal.

## II. DISCUSSION

■■■ [¶ 7] We review the denial of a motion for relief from judgment for an abuse of discretion. *McKeen & Assocs. v. Dep't of Transp.*, 1997 ME 73, ¶ 4, 692 A.2d 924, 925. A court's interpretation of the Rules of Civil Procedure, however, is reviewed de novo. *Mondello v. Gen. Elec. Co.*, 650 A.2d 941, 943 (Me.1994).

[¶ 8] Rule 53(e) of the Maine Rules of Civil Procedure provides in relevant part:

(1) *Contents and Filing.* The referee shall prepare a report upon the matters submitted to the referee .... [T]he referee shall file with the clerk of the court the report .... *The clerk shall forthwith mail to all parties notice of the filing.*

(2) *In Non-jury Actions.* [T]he referee's conclusions of law and findings of fact shall be subject to the right of the parties to object to acceptance of the referee's report.... *[A ]ny party may within 10 days after being served with notice of the filing of the report serve written objections upon the other parties.... If no objections have been timely filed, the court shall forthwith enter judgment on the referee's report.*

M.R. Civ. P. 53(e)(1), (2) (emphases added).

[¶ 9] Habrle contends that the court ignored the plain language of Rule 53(e)(1) requiring the clerk to serve notice of the filing of the referee's report to the parties, and instead imposed a different standard. Habrle contends that the purpose of Rule 53(e)(1) is to trigger an unequivocal, specific time frame for when the period to object to a referee's report pursuant to Rule 53(e)(2) begins to run, so that the parties are not left guessing as to when their right to judicial review lapses. We agree.

■■■ [¶ 10] Rule 53(e)(1) is clear and unequivocal. The rule mandates that the *clerk* shall mail the parties notice of the filing of the referee's report. M.R. Civ. P. 53(e)(1). The plain language of Rule 53(e)(1) does not provide that notice to the parties can be given by a referee rather than the clerk. The rule requires the referee to file his report with the clerk, but thereafter, it is the clerk who is responsible for entering the filing date on the docket, and serving the parties with notice of the filing date. The purpose of the rule is to provide the parties with notice of the exact date the referee's report was filed in order to allow them to calculate precisely when their relatively brief ten-day period for filing written objections to the report begins to run. M.R. Civ. P. 53(e)(2).

■■ [¶ 11] Although both parties were aware that the referee would be filing his report within a few days of August 15, 2005, that knowledge is an inadequate substitute for the rule's mandatory requirement that the clerk mail the parties notice of the filing of the report.[3] Because there

---

**3.** We note that the issue in the present case is different than that in *Bourke v. City of South Portland*, 2002 ME 155, 806 A.2d 1255, a case on which the District Court relied to conclude that Habrle had a duty to inquire from the clerk whether the referee's report had been filed. In *Bourke,* a judgment was entered in the Superior Court on January 17, 2002, affirming a planning board decision. *Id.* ¶ 2, 806 A.2d at 1255. The clerk failed to mail

was no notice of the filing of the report, the ten-day period to file written objections did not begin to run. The consequences of failing to file written objections to a referee's report are serious because, in the absence of such timely objection, "the court shall forthwith enter judgment on the referee's report." M.R. Civ. P. 53(e)(2). That is precisely what happened in this case. Because Habrle should have been given the opportunity to file written objections to the referee's report in accordance with Rule 53(e)(2), the court exceeded the bounds of its discretion when it denied Habrle's motion to vacate.

The entry is:

Judgment vacated. Remanded to the District Court for further proceedings consistent with this opinion.

notice of the judgment to the parties, and the plaintiffs became aware of the judgment only when their counsel spoke to the clerk's office on March 15. *Id.* After receiving a copy of the judgment on March 18, the plaintiffs filed a notice of appeal on April 8—eighty-one days after entry of the judgment. *Id.* We dismissed the appeal as untimely because M.R.App. P. 2(b)(3), (5) requires a notice of appeal to be filed within twenty-one days of entry of the judgment, with a twenty-one-day extension for excusable neglect. *Id.* ¶ 3, 806 A.2d at 1256. Further, M.R. Civ. P. 77(d) provides that lack of notice of the entry of the judgment by the clerk does not affect the time to appeal unless the Rules of Appellate Procedure permitted an exception, which would have given the plaintiffs no more than forty-two days from the entry of the judgment to file an appeal. *Id.*

Here, M.R. Civ. P. 53(e)(1), (2) does not include any provision analogous to that found in M.R. Civ. P. 77(d) stating that lack of notice of the entry of the referee's report by the clerk does not affect the time limit to file written objections to the report. Moreover, *Bourke* only addressed when to file an appeal to a judgment entered on the record—a judgment that triggered the application of the Rules of Appellate Procedure, notwithstanding the lack of notice of entry by the clerk. The issue in *Bourke* is inapposite because this matter involves the filing of objections to a referee's report before the report is incorporated into a judgment, and *before* the entry of a judgment.