STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    Docket No. CV-06-259

DANIEL G. LILLEY LAW
OFFICE P.A.,

          Plaintiff,

     v.                                            ORDER

AQUAVISION LTD., et al.,

          Defendants.


Before the court is plaintiff's motion for summary judgment.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99, ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

In this case the basis for the key facts relied upon by plaintiff in its motion for summary judgment is a request for admissions that was sent by plaintiff to defendants' counsel on January 2, 2007 and that had not been responded to at the time plaintiff filed its motion on March 30, 2007. In seeking summary judgment, plaintiff relies on the

principle that a request for admissions not responded to within 30 days is admitted pursuant to M.R.Civ.P. 36(a). See Plaintiff's Statement of Material Facts (SMF) ¶¶ 2, 4, 6. Defendants have opposed the motion for summary judgment, arguing that they should be relieved of any admissions resulting from their failure to respond in 30 days because the request for admissions was overlooked by defendants' counsel when it got buried on his desk under other discovery. Defendants have also filed belated responses to plaintiff's request for admissions and have controverted the statements in plaintiff's SMF.

If the issue turned on whether defendants have demonstrated excusable neglect for their failure to respond to the request for admissions, the court would be inclined to rule for plaintiff. Overlooking a request for admissions might constitute excusable neglect under some circumstances, but counsel for defendant acknowledges he became aware of the request for admissions when he reviewed a March 8, 2007 letter from counsel for plaintiff. After that point, no immediate action was taken to remedy the situation and that was still true as of the date that plaintiff filed filed its motion for summary judgment on March 30, 2007. Plaintiff's counsel also has noted in an affidavit that, at least as of April 25, 2007, defendants have not responded to plaintiff's other discovery requests.

However, excusable neglect does not appear to be the applicable standard for whether the court should allow a party to withdraw an admission resulting from a failure to respond to a request for admissions within 30 days. See Siguel v. Allstate Life Ins. Co., 1995 U.S. App. LEXIS 4666 at 13 (1st Cir. 1995) (unpublished),[1] FDIC v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994). Under M.R.Civ.P. Rule 36(b), the court may permit

---

[1] Under First Circuit Local Rule 32.1.0, an unpublished decision may be cited but is not binding precedent.

withdrawal of an admission "when the presentation of the merits will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining the action or defense on the merits."

In this case presentation of the merits will be served by allowing the admission to be withdrawn. Moreover, plaintiff has not made any argument that it will be prejudiced in maintaining the action if it is required to litigate its promissory note claim on the merits. The kind of prejudice contemplated by Rule 36(b) involves unavailability of key witnesses or last minute difficulty in obtaining evidence on an issue thought to have been resolved by the request for admissions. Brook Village North Associates v. General Electric Co., 686 F.2d 66, 70 (1st Cir. 1982). No prejudice of this nature has been suggested or demonstrated in this case.

The court shall therefore permit the withdrawal of the admissions resulting from the failure to respond within 30 days and shall consider defendants' subsequent response dated April 18, 2007 to the request for admissions. As a result, there are disputed issues of fact on plaintiff's promissory note claim. Moreover, regardless of the outcome of plaintiff's summary judgment motion, there remain issues to be tried on the defendants' counterclaims.

The entry will be:

Plaintiff's motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     July _5_, 2007

Thomas D. Warren<br>
Justice, Superior Court

3

DANIEL LILLEY ESQ
PO BOX 4803
PORTLAND ME 04112

$p\backslash$

LAWRENCE WINGER ESQ
75 PEARL STREET SUITE 217
PORTLAND ME 04101

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-06-259

DONALD L. GARBRECHT
LAW LIBRARY

FEB 06 2008

DANIEL G. LILLEY LAW OFFICES P.A.,

    Plaintiff,

    v.

AQUAVISION LTD, et al.,

    Defendants.

ORDER

Before the court are a motion by defendants to alter or amend the court's findings, an application from plaintiff for attorneys' fees and costs pursuant to the terms of the promissory note, and an application for attorneys' fees from defendant Maureen Dondorf pursuant to 26 M.R.S. §§ 626-A and 670.

1.    Motion to Alter or Amend

Defendants' motion to alter or amend is denied, with the following observations:

Defendants are essentially arguing that because the specifics of a ship's mortgage were not agreed to, there was no meeting of the minds as to terms of such a mortgage. First, the court found that defendants agreed to provide a ship's mortgage and the court interprets that agreement as an agreement to provide a ship's mortgage containing standard terms. Defendants contended at trial that they never agreed to any ship's mortgage, but that testimony was not found credible. The court also did not credit defendant's alternative suggestion that when they finally saw the proposed mortgage, they found its terms to be too onerous.

The second problem with defendants' argument is that plaintiff's agreement not to demand immediate payment was conditioned upon obtaining a ship's mortgage. If

the Dondorfs, having agreed to a ship's mortgage in principle,[1] are correct that this promise was too vague to be enforced, then plaintiff's agreement to wait before demanding payment also cannot be enforced, and plaintiff was therefore entitled to call the demand note.

The court also adheres to the view that under *Avery v. Kennebec Millwork,* 2004 ME 147 ¶ 9-10, 861 A.2d 634, 636-37, liquidated damages for overtime fall under 26 M.R.S. § 670 rather than 26 M.R.S. § 626-A.

2.    Attorneys' Fees and Costs

Under the promissory note, plaintiff is entitled to "costs and expenses, including all reasonable attorneys' fees, for the collection of this Note upon the default." Under 26 M.R.S. §§ 626-A and 670, parties prevailing on unpaid wage and overtime claims are entitled to a reasonable attorney fee. By agreement, both applications for attorneys' fees were submitted after the court rendered its findings of fact and conclusions of law on the merits.

Defendants object to the fee application of plaintiff, noting that attorney Lilley represented his own law office[2] and citing holdings that attorneys' fees should not be paid to *pro se* litigants even if those *pro se* litigants are attorneys. *See Kay v. Ehrler,* 499 U.S. 432, 437 (1991). The court concludes the *Kay v. Ehrler* rule should not apply in this

---

[1] It bears emphasis that the speed with which the transaction was made and the fact that a ship's mortgage was not simultaneously executed with the promissory note resulted from the Dondorfs' urgent need for the money. Plaintiff's decision to accommodate the Dondorfs in this respect cannot now be used by the Dondorfs as a lever to keep the loan without providing the mortgage they had promised.

[2] In a conference of counsel before trial, counsel for defendants stated that he did not object to Mr. Lilley representing his law firm even if Lilley would also be testifying as a witness. This does not, in the court's view, preclude defendants from opposing any award of attorneys' fees to plaintiff, but counsel for defendants did not say at that time that he would object to any fee award for Lilley's services. The court and the parties noted at that time that there is precedent – at least in non-jury cases – for allowing lawyers to represent themselves or their law firms even in cases where it is expected the lawyers will be called as witnesses.

2

case for two reasons. First, Lilley is not strictly appearing *pro se* in this case because he is representing his law firm. Second, and more importantly, the *Kay v. Ehrler* rule has been found applicable in the context of statutory attorneys' fees, based on the policies underlying those statutes. Those policies do not apply to attorneys' fees pursuant to express provisions in promissory notes or other contracts which (1) are agreed to by the contracting parties and (2) reflect the reality that collection may be expensive and that a defaulting party should not be able to deter collection by raising defenses and employing tactics that have the effect of significantly increasing collection costs.

The above considerations are directly applicable in this case. Although they raised a claim for unpaid wages and overtime that was found valid in part, defendants also raised a number of claims and defenses that were not well-founded and appear to have been primarily designed to deter plaintiff from pursing collection. The court concludes that plaintiff is entitled not just to its attorneys' fees relating to its claim on the promissory note but is also entitled to fees for litigating spurious claims that were raised in defense of this action.

Defendants also argue that plaintiff's claim for attorneys' fees should be denied because no contemporaneous time records were kept (or if kept, were not tendered to the court). While a requirement that contemporaneous time records be kept has been established in some contexts, *see Grendel's Den Inc. v. Larkin*, 749 F.2d 945, 952 (1st Cir. 1984), the court is aware of no such requirement with respect to contracts providing for attorneys' fees in the event of default. Any requirement that fees cannot be awarded absent contemporaneous time records in contract cases under Maine law probably should come from the Legislature or Law Court in order to put litigants on notice.

The dispositive issue is whether the fees sought are reasonable. Counsel for defendants stated on the record that defendants do not contest the reasonableness of

3

plaintiff's hourly rate, and the court finds the number of hours reasonable in light of a comparison with the hours sought by plaintiff and the documented hours submitted by counsel for defendants. Specifically, plaintiff is seeking fees for a total of 79 hours. On defendants' fee request 90.3 hours have been documented. The court therefore finds the 79 hours requested by plaintiff to be reasonable.

Of the time in question, the court finds that approximately two-thirds was devoted to pursing the collection claim[3] and one-third was spend in defense of defendant Maureen Dondorf's wage and overtime claim. Attorneys' fees of $13,232.50 (two-thirds of the amount requested) are therefore awarded to plaintiff. By the same token, the court finds that the hours and hourly rate sought by defendants' counsel are reasonable and that one-third of the time spent by defendants' counsel is compensable because it was incurred in prosecuting Mrs. Dondorf's wage and overtime claims. The remaining two thirds is not compensable because it was incurred defending plaintiff's collection action. This means that Mrs. Dondorf is entitled to an attorneys' fee award on her wage counterclaim of $5,214.83.

Finally, with respect to the costs submitted by plaintiff, the court disallows costs sought for investigator Thornton (bill dated the same date as Mrs. Dondorf's termination) and the costs sought for preparation of the ship's mortgage by the Thompson Bull firm. Those have not been shown to be collection costs. Two other costs (filing fee and ½ mediation fee) are more properly costs to be imposed under Rule 54(d) than collection costs, and will therefore be awarded separately.

---

[3] Of the two thirds found compensable, the vast majority was spent directly on issues relating to the promissory note and only a very small amount of time was spent on spurious issues raised by defendants to prevent collection. The court is not awarding plaintiff any attorneys' fees for the one-third of Lilley's time spent defending Mrs. Dondorf's wage and overtime claims which the court found to be meritorious in part.

4

The court, however, disagrees with defendants' contention that plaintiff should not be awarded the cost of its Virginia collection efforts. It was reasonable for plaintiff to conclude that defendants did not have other immediately available assets and that trying to attach the vessel in Virginia was an appropriate course of action.

The entry will be:

1. In addition to the $20,000 judgment plus prejudgment interest at 9% to which plaintiff has previously been found to be entitled, plaintiff is awarded an additional amount of $13,232.50 in attorneys' fees and collection costs of $9,187.22. Judgment will be entered for this amount against all defendants jointly and severally.

2. On her wage and overtime counterclaim, defendant Maureen Dondorf is entitled to judgment against plaintiff for the previously determined amount of $9,716 plus prejudgment interest of 7.36% plus statutory attorneys' fees of $5,214.83.

3. Pursuant to Rule 54(d) plaintiff is also entitled to costs of $1,038.90, representing the filing fee and half of the mediation fee.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     November _15_, 2007

Thomas D. Warren
Justice, Superior Court

5

F COURTS
ınd County
ıox 287
ne 04112-0287

DANIEL LILLEY ESQ
PO BOX 4803
PORTLAND ME 04112

*Plaintiff*

= COURTS
nd County
ox 287
ıe 04112-0287

*Defendant*

LAWRENCE WINGER ESQ
75 PEARL STREET SUITE 217
PORTLAND ME 04101