2008 ME 74

Patricia (Cusack) WALSH

v.

James T. CUSACK.

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 28, 2008.

Decided: April 29, 2008.

 

Patricia P. Walsh, Portland, ME, pro se.

James Cusack, Marlborough, CT, pro se.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

LEVY, J.

[¶ 1] Patricia Walsh and James T. Cusack both appeal from a judgment entered in the Superior Court (Cumberland County, *Broderick, A.R.J.*) granting James's motion to modify a divorce judgment and finding that James owed past-due child support in the amount of $14,040. The parties raise numerous issues [1] regarding the court's calculation of the child support arrearage and its award of future child support that we find to be without merit, save one: whether Patricia is entitled to post-judgment interest on the child support arrearage. We answer in the affirmative and remand for further proceedings on this question alone.

## I.  BACKGROUND

[¶ 2] James and Patricia were married in 1983 and divorced in 1991. They have three children together who, at the time of the divorce, ranged in age from five months to five years old.

[¶ 3] James filed a motion to modify the divorce judgment in February 2007, seeking a modification of the child support award then in effect and acknowledging

1. These issues include: (1) whether the arrearage calculation retroactively modified the child support order in effect at the time of the court's judgment; (2) the court's calculation of the child support arrearage; (3) the child support award entered by the court going forward; and (4) the provision of the court's judgment providing that the support arrearage is to be paid in weekly installments. Because neither party has provided the Court with a transcript or statement in lieu of a transcript of the Superior Court hearing, we must assume that the transcript would support the court's findings and discretionary decisions on these issues. *See* M.R.App. P. 5(b)(2), (d), (f); *Putnam v. Albee*, 1999 ME 44, ¶ 10, 726 A.2d 217, 220.

that he owed past-due child support. After a hearing, the court found that James owed $14,040 in child support arrearages and ordered him to pay this arrearage in weekly installments of $75. The court's judgment was silent with respect to post-judgment interest. This appeal and cross-appeal followed.

## II. DISCUSSION

■ [¶ 4] A court's judgment on a motion to modify will be overturned on appeal only where there has been an abuse of discretion or some other error of law. *See, e.g., Boutin v. Dionne,* 458 A.2d 426, 426 (Me.1983). "[E]ntitlement to interest on judgments is derived from statute," and we have previously found that Maine's post-judgment interest statute is applicable to child support arrearages. *Allen v. Allen,* 629 A.2d 1228, 1230, 1230 n. 2 (Me. 1993) (quotation marks omitted); *see also Tarbuck v. Jaeckel,* 2000 ME 105, ¶¶ 19–20, 752 A.2d 176, 181.

[¶ 5] As applied to a judgment for a child support arrearage, Maine's current post-judgment interest statute requires that the judgment either state the applicable rate of interest or specify that interest is fully or partially waived based on a showing of good cause:

**1. Rate.** In all civil and small claims actions, post-judgment interest is allowed at a rate equal to:

. . . .

**B.** [In civil actions not involving a note or contract], the one-year United States Treasury bill rate plus 6%.

. . . .

*The applicable post-judgment interest rate must be stated in the judgment,*

*except for judgments in small claims actions.*

**2. Accrual; suspension; waiver.** Post-judgment interest accrues from and after the date of entry of judgment and includes the period of any appeal.... *On petition of the nonprevailing party and on a showing of good cause, the trial court may order that interest awarded by this section be fully or partially waived.*

14 M.R.S. § 1602–C (2007) (emphasis added). Prior versions of the post-judgment interest statute did not specifically require that the rate of interest be stated in the judgment. *See* 14 M.R.S.A. § 1602–A (2003), repealed and replaced by P.L.2003, ch. 460, § 6 (codified at 14 M.R.S. § 1602–C (2007)). In addition, our cases interpreting these earlier statutes make clear that the assessment of interest on a judgment is mandatory, absent an express waiver of interest for good cause by the court. *See Tarbuck,* 2000 ME 105, ¶¶ 21 n. 2, 25, 752 A.2d at 182, 183 (interpreting 14 M.R.S.A. § 1602–A (Supp.1999)); *Raymond v. Raymond,* 480 A.2d 718, 725 (Me. 1984) (interpreting 14 M.R.S.A. § 1602 (1980) to provide that "post-judgment interest must be paid in any civil action" because there was no waiver provision in the statute at that time).

[¶ 6] Although the most recent revision of 14 M.R.S. § 1602–C added a requirement that the applicable rate of post-judgment interest be stated in a judgment, there is no indication from the language of 14 M.R.S. § 1602–C, nor from its legislative history,[2] that this revision alters the long-standing practice that a party is entitled to post-judgment interest absent an

---

**2.** 14 M.R.S. § 1602–C (2007) was enacted in 2003 by P.L.2003, ch. 460 as emergency legislation. According to its emergency preamble, the revised post-judgment interest statute was enacted because "there has been ambiguity and confusion regarding the proper methodology for calculating prejudgment and post-judgment interest."

express full or partial waiver of interest, for good cause, by the court.

■ [¶ 7] In most cases, the determination of the applicable post-judgment interest rate is simple because post-judgment interest accrues only from the date on which the court enters a judgment. With regard to child support arrearages, however, we have previously stated that "the right to the payment of support becomes vested as it becomes due.... Each payment [due pursuant to an order of support] becomes a judgment debt as of the due date." *Allen,* 629 A.2d at 1230 (quotation marks and citations omitted; alteration in original); *see also Carter v. Carter,* 611 A.2d 86, 87–88 (Me.1992). Accordingly, a child support arrearage "is subject to a fixed interest rate determined by the statutory rate of post-judgment interest effective at the time of its origin." *Allen,* 629 A.2d at 1230 n. 2.

[¶ 8] The present case illustrates an additional challenge introduced by the 2003 amendments to the post-judgment interest statute where a party brings a claim for child support arrearages accumulating over the course of more than one calendar year. Prior to the 2003 amendments, the post-judgment interest rate was fixed on judgments that did not exceed the jurisdictional limit of the District Court, such as Walsh's claim in this case. *See* 14 M.R.S.A. § 1602 (1980) (post-judgment interest rate fixed at 10%); P.L.1979, ch. 655, § 1 (increasing rate to 12% effective July 3, 1980); P.L.1981, ch. 162, § 1 (increasing rate to 15% effective September 18, 1981). Section 1602–C currently provides that the applicable rate of post-judgment interest is "the one-year United States Treasury bill rate plus 6%." 14 M.R.S. § 1602–C(1)(B). The interest rate on one-year Treasury bills changes frequently. For purposes of determining post-judgment interest where the rate of

interest is not established by a contract or note, the statute defines the one-year United States Treasury bill rate as "the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue." 14 M.R.S. § 1602–C(1)(B)(1). Accordingly, to determine the rate or rates of post-judgment interest applicable to a child support arrearage judgment, one must determine the amount and date of each missed child support payment, and the rate of post-judgment interest that applies to each missed payment pursuant to section 1602–C(1)(B)(1).

■ [¶ 9] Although a party is generally entitled to post-judgment interest even absent a request, in this unique area of the law, we believe a different rule must control in order to ease the burden on courts and litigants alike. Where a party brings a claim for child support arrearages and desires an award of post-judgment interest on those arrearages accruing from the date that each missed support payment came due, the party must, at a minimum, supply the court with evidence sufficient to establish (1) the amount of each payment and the date the payment came due, and (2) the rate of interest applicable to that missed payment. Absent this evidence, the party is limited to recovering post-judgment interest on the total arrearage amount, to accrue from the date the court enters the arrearage judgment.

■ [¶ 10] In the present case, there is no indication that Walsh raised the issue of post-judgment interest before the trial court, much less requested that the trial court award post-judgment interest on each missed child support payment as it came due. Further, the record is insufficient for us to determine what evidence

Walsh presented regarding the dates of each missed payment. Under these circumstances, Walsh is limited to recovering post-judgment interest on the total arrearage amount alone, accruing from the date the Superior Court entered its arrearage judgment.

[¶ 11] Because the judgment in this case neither states the applicable post-judgment interest rate nor orders that post-judgment interest be fully or partially waived, we vacate the judgment solely with regard to this omission and remand for the court to address 14 M.R.S. § 1602–C.

The entry is:

Judgment vacated as to its failure to address post-judgment interest, but is otherwise affirmed in all respects. Case remanded for further proceedings consistent with this opinion.