## MARICULTURE PRODUCTS LTD. *v.* THOSE CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON INDIVIDUALLY SUBSCRIBING TO CERTIFICATE NO. 1395/91 ET AL.
### (AC 33214)

Alvord, Espinosa and Pellegrino, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued December 13, 2012—officially released May 14, 2013

*James T. Hargrove*, pro hac vice, with whom were *Christopher Bristol* and, on the brief, *Frederic Rickles*, for the named defendants (appellants).

*Ilan Markus*, with whom were *Michael J. Dorney* and, on the brief, *Robert M. Barrack*, for the appellee (plaintiff).

*Opinion*

ESPINOSA, J. The present appeal represents the third appeal in an extensive history of litigation concerning an insurance claim dispute that arose after Hurricane Bob, in 1991, had destroyed much of the Maine fish hatchery business of the plaintiff, Mariculture Products Ltd. In *Mariculture Products Ltd.* v. *Certain Underwriters at Lloyd's of London*, 84 Conn. App. 688, 854 A.2d 1100, cert. denied, 272 Conn. 905, 863 A.2d 698 (2004) (*Mariculture I*), this court reversed in part the judgment of the trial court, holding that the statute

under which the plaintiff brought its claim for interest, Me. Rev. Stat. Ann. tit. 24-A, § 2436, was inapplicable to the policy at issue, and remanded the case to the trial court with direction to render judgment on that count in favor of the defendants, Those Certain Underwriters at Lloyd's of London Individually Subscribing to Certificate No. 1395/91.[1] Id., 708–10, 718. In *Mariculture Products Ltd.* v. *Certain Underwriters at Lloyd's of London*, 110 Conn. App. 668, 955 A.2d 1206 (2008) (*Mariculture II*), this court reversed the supplemental judgment of the trial court granting the plaintiff postjudgment interest under General Statutes § 37-3a, holding that the parties' stipulation had limited the issue of postjudgment interest to Maine law, and remanded the case to the trial court with direction to vacate its order granting postjudgment interest. Id., 676–77, 679. The defendants now appeal from the trial court's judgment applying the law of Maine and granting the plaintiff postjudgment interest on its jury award pursuant to Me. Rev. Stat. Ann. tit. 14, § 1602-C. The defendants claim that the trial court erred in holding that the plaintiff was entitled to postjudgment interest because it improperly (1) considered the plaintiff's motion for postjudgment interest under the procedural law of Maine and (2) determined that the plaintiff had not waived its right to postjudgment interest under § 1602-C. We affirm the judgment of the trial court.

---

[1] "The action was filed by the plaintiff in Connecticut, where its corporate headquarters is located and its sole stockholder resides. The parties stipulated that Maine law would apply to issues involving interpretation of the subject insurance contract, including notice of claim, proof of loss and terms and conditions of the contract." *Mariculture I*, supra, 84 Conn. App. 691 n.2.

"The original complaint also named as a defendant Aquacultural Insurance Service Ltd., a broker for Those Certain Underwriters at Lloyd's of London Individually Subscribing to Certificate No. 1395/91. The plaintiff later withdrew its action against Aquacultural Insurance Service Ltd. We therefore refer in this opinion to Those Certain Underwriters at Lloyd's of London Individually Subscribing to Certificate No. 1395/91 as the defendants." *Mariculture II*, supra, 110 Conn. App. 670 n.1.

The following relevant facts and procedural history were set forth in *Mariculture II.* " 'The plaintiff owned and operated fish hatcheries at three separate locations in Maine. Gershon G. Navon served both as the president and sole shareholder of the plaintiff and its parent corporation, Mariculture Products Corporation. The plaintiff's inventory of fish at each of its hatcheries was insured by the subject insurance policy that was issued by the defendants. The policy covered fish that were lost due to death, destruction or escape.

" 'The property insurance policy also included a clause naming Key Bank [of Maine (Key Bank)] as a loss payee. Key Bank had loaned to the plaintiff a total of $9 million to finance the establishment of the plaintiff's business. Key Bank initially loaned to the plaintiff $5 million for construction of the hatcheries and sites. This loan was disbursed in three installments from 1988 through 1991. Key Bank loaned an additional $4 million to the plaintiff in 1992. That loan was equally divided between a working capital loan and a term loan. The working capital funds operated as a revolving line of credit.

" 'The plaintiff entered into a series of security agreements with Key Bank to secure the loans. The plaintiff's machinery, cages and other assets related to the construction of the hatchery facilities served as collateral for the $5 million construction loan. The revolving line of credit associated with the $2 million of working capital was secured by the plaintiff's inventory of fish.

" 'The plaintiff sustained a significant loss of fish at its Frenchboro farm on August, 19, 1991, as a result of Hurricane Bob. On March 3, 1992, the plaintiff submitted a formal claim to the defendants specifying losses of $744,070. The plaintiff later reduced this claim to $729,672. On April 2, 1992, the defendants denied the

claim by letter, stating that the claim was "excessive" and providing no further explanation.

" 'Meanwhile, between January and March, 1992, the plaintiff was engaged in negotiations with Key Bank regarding its inability to make its loan payments. Key Bank had sent a written notice of default and acceleration to the plaintiff on February 27, 1992, outlining various defaults allegedly committed by the plaintiff. During the course of these negotiations, on March 17, 1992, Key Bank physically seized the plaintiff's assets.

" 'On May 26, 1993, allegedly on behalf of the plaintiff, Key Bank submitted a proof of loss form to the defendants, claiming $150,000 in losses. This proof of loss form purported to release the defendants from all further claims by the plaintiff. Subsequently, the defendants paid $150,000 to Key Bank pursuant to a settlement between the defendants and Key Bank.

" 'On February 9, 1998, the plaintiff filed the underlying action against the defendants, seeking to recover damages for an alleged breach of the insurance contract. The complaint sounded in breach of contract and violations of the late payment and unfair claims settlement practices provisions of the Maine Insurance Code. Following trial, the jury returned a verdict in favor of the plaintiff on its breach of contract and late payment claims, awarding damages of $445,000. The jury returned a verdict in favor of the defendants on the unfair claims settlement practices claim. The court awarded the plaintiff attorney's fees of $487,194 and interest of $768,515.' " *Mariculture II*, supra, 110 Conn. App. 671–73.

"On appeal [to this court in *Mariculture I*], the defendants claim[ed] [inter alia] that the trial court . . . failed to render judgment as a matter of law against the plaintiff on its claim under § 2436 of title 24-A of the Maine Revised Statutes and improperly instructed

the jury to consider that claim. The plaintiff cross appeal[ed], claiming [inter alia] that the court improperly . . . denied the plaintiff's motion for a directed verdict on its claims under Maine's Unfair Settlement Practices Act, Me. Rev. Stat. Ann. tit. 24-A, § 2436-A (West 2000). . . .

"We reversed the judgment only as to the trial court's denial of the defendants' motion for judgment notwithstanding the verdict as to the plaintiff's claim in count two of the amended complaint, which alleged a violation of § 2436 of the Maine Revised Statutes. We remanded the case with direction to render judgment in favor of the defendants on that count. We affirmed the judgment in all other respects. The Supreme Court denied the plaintiff certification to appeal from our decision in *Mariculture I* on December 8, 2004." (Citation omitted; internal quotation marks omitted.) *Mariculture II*, supra, 110 Conn. App. 673–74.

" 'Following our remand [from *Mariculture I*], the plaintiff moved, in January, 2005, for an award of prejudgment interest under [General Statutes] § 37-3a on the damages found by the jury on the first count of the complaint and postjudgment interest. In a memorandum of decision filed August 1, 2006, the court determined that "[t]here is nothing in the transcripts submitted by counsel to suggest that either party could have reasonably believed that the issue of interest reserved to the court was limited to interest under Maine law." The court also concluded that "the answers to the special jury interrogatories dated November 2, 2001, make it clear that the defendants wrongfully withheld payment for the losses incurred by the plaintiff from April 2, 1992." The court ordered that a supplemental judgment for the award of interest under § 37-3a be entered.' " Id., 674.

The defendants appealed from that supplemental judgment, claiming, in *Mariculture II*, that the trial

court incorrectly interpreted the stipulation by the parties as permitting a claim for interest under Connecticut law. The defendants argued that "the parties could not have contemplated or arrived at any agreement concerning interest under Connecticut law because the plaintiff's claim to interest before, during and after the trial had been under Maine law." Id., 675. We agreed with the defendants and concluded that the jury's answers to interrogatories, which were specifically addressed at making factual findings on the plaintiff's claims under Maine law, did not support the court's determination on remand that the plaintiff was entitled to interest pursuant to § 37-3a. Id., 679. Because the trial court's factual determination on remand, that the jury's responses set forth the requisite factual basis for an award of interest under Connecticut law, was clearly erroneous, we reversed the court's grant of prejudgment and postjudgment interest and remanded the case with direction to vacate that order. Id.

On June 8, 2010, the plaintiff filed a motion for order on remand seeking an order from the trial court that the defendants pay the underlying jury award, pay prejudgment interest pursuant to Me. Rev. Stat. Ann. tit. 14, § 1602-B, and pay postjudgment interest pursuant to Me. Rev. Stat. Ann. tit. 14, § 1602-C, or alternatively, an order requiring the defendants to pay the postjudgment interest previously ordered by the trial court pursuant to General Statutes § 37-3a.

In a memorandum of decision filed on February 14, 2011, the trial court denied the plaintiff's motion in part, reasoning that the plaintiff was the holder of a final judgment against the defendants, and, as such, had other remedies before it to enforce the judgment. The memorandum of decision also (1) denied the plaintiff's alternative request for postjudgment interest, holding that the final judgment in *Mariculture II* precluded the court from considering the plaintiff's request under

General Statutes § 37-3a; (2) denied the plaintiff's request for prejudgment interest, holding that it had waived the right to claim such interest under Me. Rev. Stat. Ann. tit. 14, § 1602-B; and (3) granted the plaintiff's primary request as to postjudgment interest, finding that the plaintiff was entitled to postjudgment interest under Me. Rev. Stat. Ann. tit. 14, § 1602-C. On March 3, 2011, the defendants filed the present appeal, claiming that the trial court erred when it granted postjudgment interest pursuant to § 1602-C.[2]

I

The defendants first claim that the court improperly granted postjudgment interest pursuant to Me. Rev. Stat. Ann. tit. 14, § 1602-C,[3] which they argue is a procedural statute. The defendants maintain that because § 1602-C concerns the enforcement of a judgment, it is procedural, and, therefore, the trial court erred when

---

[2] The plaintiff also filed a motion to reargue that part of the court's decision concerning prejudgment interest. The plaintiff's motion was denied. The plaintiff initially filed an appeal of the trial court's denial of its motion to reargue, but withdrew that appeal in January, 2012.

[3] Section 1602-C of title 14 of the Maine Revised Statutes Annotated provides in relevant part: "1. Rate. In all civil and small claims actions, post-judgment interest is allowed at a rate equal to:

"A. In actions involving a contract or note that contains a provision relating to interest, the rate set forth in the contract or note or the rate in paragraph B, whichever is greater; and

"B. In all other actions, the one-year United States Treasury bill rate plus 6%. . . .

"The applicable post-judgment interest rate must be stated in the judgment, except for judgments in small claims actions.

"2. Accrual; suspension; waiver. Post-judgment interest accrues from and after the date of entry of judgment and includes the period of any appeal. In actions involving a contract or note that contains a provision relating to interest, the rate of interest is fixed as of the date of judgment. If the prevailing party at any time requests and obtains a continuance for a period in excess of 30 days, interest is suspended for the duration of the continuance. On petition of the nonprevailing party and on a showing of good cause, the trial court may order that interest awarded by this section be fully or partially waived."

it did not apply the law of the forum state, Connecticut. We disagree.

We first set forth the standard of review. Although a trial court's decision to award postjudgment interest is subject to review for an abuse of discretion; see *Bower* v. *D'Onfro*, 45 Conn. App. 543, 551, 696 A.2d 1285 (1997); the defendants' claim on appeal, that § 1602-C of the Maine Revised Statutes is inapplicable, is a question of law. See *Cadle Co.* v. *D'Addario*, 131 Conn. App. 223, 243–44, 26 A.3d 682 (2011) (applicability of General Statutes § 37-3a is question of law reviewed under plenary standard). The resolution of this appeal requires us to interpret § 1602-C of the Maine Revised Statutes, and, therefore, "[w]ell settled principles of statutory interpretation govern our review. . . . Because statutory interpretation is a question of law, our review is de novo." (Internal quotation marks omitted.) *Woodrow Wilson of Middletown, LLC* v. *Connecticut Housing Finance Authority*, 294 Conn. 639, 644, 986 A.2d 271 (2010).

In the present case, however, our review is also governed by this court's previous rulings in *Mariculture I* and *Mariculture II*. "[T]his court follows the well-recognized principle of law that the opinion of an appellate court, so far as it is applicable, establishes the law of the case upon a retrial, and is equally obligatory [on] the parties to the action and [on] the trial court. . . . The rule is that a determination once made will be treated as correct throughout all subsequent stages of the proceeding . . . ." (Internal quotation marks omitted.) *American Diamond Exchange, Inc.* v. *Alpert*, 302 Conn. 494, 509, 28 A.3d 976 (2011).

In *Mariculture II*, we determined that there was ample evidence from the record to suggest that the parties intended to limit the issue of interest to Maine law. *Mariculture II*, supra, 110 Conn. App. 676. This

court reversed the judgment of the trial court granting interest pursuant to General Statutes § 37-3a,[4] holding clearly erroneous the court's finding that there was "nothing in the transcripts to suggest that either party reasonably could have believed that the issue of interest reserved to the court was limited to interest under Maine law." Id., 677. Our holding in that case, that Maine law governs the issue of interest in this dispute, represents the law under which we must decide the present appeal.

The defendants first argue that § 1602-C should not be applied to the issue of postjudgment interest in this case because the statute was determined to be "procedural [for retroactivity purposes in] *Batchelder* v. *Tweedie*, 294 A.2d 443 (Me. 1972)." It is true that the traditional approach to choice of law issues applies the law of the forum state in all procedural matters while applying applicable foreign law as to substantive matters. See, e.g., *Chasse* v. *Albert*, 147 Conn. 680, 683–84, 166 A.2d 148 (1960); *People's United Bank* v. *Kudej*, 134 Conn. App. 432, 438, 39 A.3d 1139 (2012). The present case, however, does not present a straightforward, traditional approach to choice of law issues.

---

[4] General Statutes § 37-3a provides: "(a) Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable. Judgment may be given for the recovery of taxes assessed and paid upon the loan, and the insurance upon the estate mortgaged to secure the loan, whenever the borrower has agreed in writing to pay such taxes or insurance or both. Whenever the maker of any contract is a resident of another state or the mortgage security is located in another state, any obligee or holder of such contract, residing in this state, may lawfully recover any agreed rate of interest or damages on such contract until it is fully performed, not exceeding the legal rate of interest in the state where such contract purports to have been made or such mortgage security is located.

"(b) In the case of a debt arising out of services provided at a hospital, prejudgment and postjudgment interest shall be no more than five per cent per year. The awarding of interest in such cases is discretionary."

As we held in *Mariculture II*, the parties clearly agreed by stipulation that Maine law would govern the issue of interest. *Mariculture II*, supra, 110 Conn. App. 676. "[A] stipulation of the parties is to be regarded and construed as a contract. . . . In giving meaning to the terms of a contract, we have said that a contract must be construed to effectuate the intent of the contracting parties." (Internal quotation marks omitted.) *Sullivan* v. *Delisa*, 101 Conn. App. 605, 621, 923 A.2d 760, cert. denied, 283 Conn. 908, 928 A.2d 540 (2007). Further, this court "has emphasized the vitality of the doctrine of the freedom to contract, and the courts have held unequivocally that parties may contract for . . . postjudgment interest." *Cadle Co.* v. *D'Addario*, supra, 131 Conn. App. 247.

As the trial court explained in its memorandum of decision, "[a] statute like § 1602-C was clearly within the contemplation of the parties' stipulation, whether or not it has been held to be procedural for purposes of retroactive application." In *Mariculture II*, the defendants maintained that Maine law should govern this controversy, and in doing so, did not distinguish between substantive and procedural laws. In contrast to the characterization of § 1602-C as procedural for retroactivity purposes in *Batchelder* v. *Tweedie*, supra, 294 A.2d 444–45, we need not reach the issue of whether the grant of interest under § 1602-C is a matter of substance or procedure in the present case,[5] as the parties plainly indicated through their stipulation that the issue of interest was to be governed by the law of Maine,

[5] The application of Me. Rev. Stat. Ann. tit. 14, § 1602-C, in the present case is distinguishable from the Maine Supreme Court's characterization of § 1602-C in *Batchelder* v. *Tweedie*, supra, 294 A.2d 444–45. In that case, the court interpreted the statute for the purpose of applying it retroactively, whereas the trial court in this case was not required to consider such an application of § 1602-C. Determining whether the statute is a matter of procedure or substance for the purpose of applying it retroactively is, therefore, unnecessary for resolution of this appeal.

and this court has consistently recognized the parties' ability to contract for postjudgment interest. See *Cadle Co.* v. *D'Addario,* supra, 131 Conn. App. 247.

Furthermore, there is no evidence in the record to suggest that the parties intended to distinguish between the procedural and substantive law of Maine. By first arguing, in *Mariculture II,* that Maine law should govern the issue of interest in the disposition of this controversy, and now claiming that Maine statutory law relating to the right to postjudgment interest should not apply because it is strictly procedural, the defendants attempt to avoid the consequences of not paying a judgment that has been owed to the plaintiff since 2001. Our Supreme Court has repeatedly "eschewed applying the law in such hyper-technical manner so as to elevate form over substance." (Internal quotation marks omitted.) *Malloy* v. *Colchester,* 85 Conn. App. 627, 635, 858 A.2d 813, cert. denied, 272 Conn. 907, 863 A.2d 698 (2004); see also *Stepney Pond Estates, Ltd.* v. *Monroe,* 260 Conn. 406, 422, 797 A.2d 494 (2002) ("[t]o conclude . . . that the fact that the plaintiff invoked [a statute] instead of bringing a common-law action in equity deprived the trial court of jurisdiction would be to exalt form over substance"). Moreover, this court observed in *Cadle Co.* v. *D'Addario,* supra, 131 Conn. App. 245–47, that the parties should not be permitted to circumvent their intention to determine interest pursuant to a contractual agreement simply because the language of a statutory provision "would seem to justify a construction rendering it applicable to the facts of the present case . . . ." (Internal quotation marks omitted.) Id., 245 (pertaining to General Statutes § 37-3a). Similarly, the defendants in the present case should not be permitted to ignore their stipulation to determine the issue of interest pursuant to the law of Maine.

Section 1602-C of the Maine Revised Statutes serves to encourage a judgment debtor to satisfy a judgment

in a timely fashion, a purpose that the court reasonably concluded was within the intent of the parties' stipulation. Accordingly, we will not permit the defendants in the present case to avoid the consequences of their decision to delay paying the plaintiff's judgment. As this court had previously stated that the issue of interest would be decided pursuant to Maine law in this case, and because we are bound by this court's precedent, we conclude that the trial court was correct in applying § 1602-C to the issue of postjudgment interest.

## II

The defendants next claim that the court erred in granting postjudgment interest on the plaintiff's jury award because (a) the plaintiff waived any right to claim interest by failing to specifically plead relief under § 1602-C of the Maine Revised Statutes in its complaint or to claim interest under that statute at any prior point in this protracted litigation, and (b) the defendants were prejudiced by the plaintiff's delay in bringing its claim for interest under § 1602-C. We are not persuaded.

We first set forth the standard of review that governs our analysis of these claims. "[The] decision to deny or grant postjudgment interest is primarily an equitable determination and a matter lying within the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . The court's determination regarding the award of interest should be made in view of the demands of justice rather than through the application of any arbitrary rule. . . . Whether interest may be awarded depends on whether the money involved is payable . . . and whether the detention of the money is or is not wrongful under the circumstances." (Citations omitted; internal quotation marks omitted.) *Bower* v. *D'Onfro*, supra, 45 Conn. App. 550–51.

"Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) *Carrano* v. *Yale-New Haven Hospital*, 112 Conn. App. 767, 772, 963 A.2d 1117 (2009).

A

The defendants, citing Practice Book § 10-3,[6] first contend that the plaintiff's claim for postjudgment interest is precluded by Connecticut procedure because the plaintiff failed to plead an award of interest under § 1602-C of the Maine Revised Statutes in its initial complaint. There is, however, no requirement that a party seek postjudgment interest in its complaint, as the very nature of this interest requires that a judgment be reached before it may be granted. "Although Practice Book § 10-3 (a) provides that when any claim in a complaint is grounded on a statute, the statute shall be specifically identified by its number, this rule has been construed as directory rather than mandatory. . . . As long as the defendant is sufficiently apprised of the nature of the action . . . the failure to comply with the directive of Practice Book § 10-3 (a) will not bar recovery." (Citations omitted; internal quotation marks omitted.) *Spears* v. *Garcia*, 66 Conn. App. 669, 675–76, 785 A.2d 1181 (2001), aff'd, 263 Conn. 22, 818 A.2d 37

---

[6] Practice Book § 10-3 provides: "(a) When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number.

"(b) A party to an action who intends to raise an issue concerning the law of any jurisdiction or governmental unit thereof outside this state shall give notice in his or her pleadings or other reasonable written notice."

(2003); see *Gilbert* v. *Beaver Dam Assn. of Stratford, Inc.*, 85 Conn. App. 663, 671, 858 A.2d 860 (2004), cert. denied, 272 Conn. 912, 866 A.2d 1283 (2005).

Since the initial filing of the complaint that began this action in 1998, the plaintiff has consistently requested interest on any monetary award. The plaintiff and the defendants also stipulated that interest would be governed by Maine law, demonstrating that the defendants clearly were advised of the plaintiff's intention to seek interest on any judgment that they failed to satisfy. Indeed, because the defendants emphatically argued in *Mariculture II* that the law of Maine should apply to the issue of interest, they cannot now claim surprise that the plaintiff continued to seek interest on the unpaid judgment pursuant to the applicable statutory law of Maine. The plaintiff's motion for order on remand, dated June 8, 2010, also specifically advised the defendants, through written notice, that it was seeking interest under § 1602-C.[7] Accordingly, we reject the defendants' argument with respect to Practice Book § 10-3.

The defendants next claim that the plaintiff waived any right to postjudgment interest under § 1602-C by failing to bring its claim earlier in this protracted litigation. They argue that by asking initially for postjudgment interest under Me. Rev. Stat. Ann. tit. 24-A, § 2436, and then General Statutes § 37-3a, but not Me. Rev. Stat. Ann. tit. 14, § 1602-C, the plaintiff waived any right to bring its claim under § 1602-C after the case was remanded following our decision in *Mariculture II.* We disagree.

---

[7] In its motion, the plaintiff actually cited Me. Rev. Stat. Ann. tit. 14, § 1601-C, which appeared to be a scrivener's error, as the plaintiff clearly relied on § 1602-C in its memorandum of law in support of its motion. The defendants likewise refer to the plaintiff's claim for interest pursuant to § 1602-C. The trial court, therefore, properly considered the plaintiff's claim under § 1602-C.

In Connecticut, a prevailing party may move for postjudgment interest following a remand after a case has been appealed. See *Behrns* v. *Behrns*, 124 Conn. App. 794, 816–17, 6 A.3d 184 (2010) (affirming trial court's award of postjudgment interest under § 37-3a that was requested for first time on remand); *TDS Painting & Restoration, Inc.* v. *Copper Beech Farm, Inc.*, 73 Conn. App. 492, 517–18, 808 A.2d 726 (holding that trial court was not precluded from considering issue of postjudgment attorney's fees on limited remand because those damages were not part of prior appeal), cert. denied, 262 Conn. 925, 814 A.2d 379 (1997); *Bower* v. *D'Onfro*, supra, 45 Conn. App. 549 ("[c]ommon sense also dictates that a party seeking an award of postjudgment interest must file a posttrial motion because the award can be determined only after judgment has been rendered").

Despite the fact that the plaintiff had the ability to move for interest following a remand, the defendants contend that our decision in *Mariculture II* was a final and binding judgment as to the issue of interest. "The defendants' argument, essentially, is that the trial court was precluded from acting on a question that had already been addressed and decided. Postjudgment interest, however, is an issue that, by its nature, can be addressed only after judgment has been rendered following the remand. Neither the trial court in the first instance nor the Appellate Court . . . had occasion to consider the question of [postjudgment] interest . . . ." (Internal quotation marks omitted.) *Bower* v. *D'Onfro*, supra, 45 Conn. App. 552–53.

In the present case, the issue of interest in general had been addressed multiple times by both the trial court and this court. The issue before the trial court pursuant to the plaintiff's motion for order on remand, however, was whether postjudgment interest was available to the plaintiff pursuant to § 1602-C of the Maine

Revised Statutes. This issue had not previously been addressed by either court.

In its decision, the trial court explained that the plaintiff, "[h]aving lost the first appeal in 2004 on a jurisdictional issue, and the second appeal in 2008 on a stipulation construction issue . . . was entitled to continue its pursuit of postjudgment interest by [its] motion filed in 2010 by which the plaintiff [sought] to reconcile the law of the case established by the two appeals and proceed under a statute which may not be inconsistent with either appellate holding. The fact that this claim was not made immediately after the 2008 decision in *Mariculture II* should not relegate the plaintiff forever to the result that it has no claim at all for the loss of the use of $445,000 to which it is entitled by a final judgment of this court." See also *Stafford Higgins Industries, Inc.* v. *Norwalk*, 15 Conn. App. 752, 759, 54 A.2d 340 (1988) (interest on judgment should not be denied solely because judgment was rendered five years earlier). We agree with the trial court.

The plaintiff has been consistent in its claim for postjudgment interest on a judgment that the defendants were ordered to pay more than ten years ago, and this court's decisions in *Mariculture I* and *Mariculture II* relating to jurisdictional and construction issues should not bar the award of interest under a properly applicable statute. The defendants cite no law, and we are aware of none, that conditions the granting of postjudgment interest on a request for that interest during trial or during a previous appeal.[8] See, e.g., *Behrns* v. *Behrns*,

---

[8] The defendants contend that a 2007 amendment to § 1602-C that requires the applicable rate of postjudgment interest to be stated in a judgment precludes the plaintiff's postjudgment motion for interest on remand under this statute. There is no indication, however, from the language of the 2007 amendment, "nor from its legislative history, that this revision alters the long-standing practice that a party is entitled to postjudgment interest absent an express full or partial waiver of interest, for good cause, by the court." *Walsh* v. *Cusack*, 2008 ME 74, ¶ 6, 946 A.2d 416–17 (2008).

supra, 124 Conn. App. 815–17. Accordingly, we reject the defendants' argument that the plaintiff waived its ability to claim postjudgment interest under § 1602-C of the Maine Revised Statutes by not requesting it earlier. The plaintiff properly pursued its claim by filing a motion for order on remand, and the court, therefore, was within its discretion to grant such motion and award postjudgment interest.

B

The defendants also maintain that because the motion for order on remand was filed years after the underlying judgment was rendered, it did not give them sufficient notice of the nature of the plaintiff's claim and was, therefore, prejudicial to them. As we previously have discussed, the plaintiff was not required to request postjudgment interest under § 1602-C of the Maine Revised Statutes in its complaint, during trial or during the prior appeals in this case. Further, we are not persuaded by the defendants' claim that they were prejudiced by the plaintiff's delay in claiming interest under § 1602-C.

Unlike Me. Rev. Stat. Ann. tit. 24-A, § 2436, under which the plaintiff initially brought its claim for interest, the granting of interest under § 1602-C of the Maine Revised Statutes does not depend on whether the jury made specific factual findings of wrongdoing. Interest granted under § 2436 requires "detailed factual findings as to the practices and timing of the processing of insurance claims," as noted by the trial court in its memorandum of decision, while interest granted pursuant to § 1602-C is *mandatory*, absent the court's express waiver upon a showing of good cause by the nonprevailing party. *Walsh* v. *Cusack*, 2008 ME 74, ¶ 5, 946 A.2d 414, 416 (2008). Because a grant of postjudgment interest under § 1602-C does not require specific factual findings, but rather is granted absent a showing of good

cause by the party failing to pay the judgment, the plaintiff's claim for interest would not have affected the defendants' trial strategy, even if such a claim had been made at an earlier date. As there exists no factual issue underpinning the defendants' claim that might have been submitted to the jury regarding interest under § 1602-C, the defendants were not prejudiced by the plaintiff's motion for an order of interest on remand.

This court issued its decision in *Mariculture II* on October 7, 2008. *Mariculture II*, supra, 110 Conn. App. 668. Although we do not approve of the plaintiff's delay in waiting until June 8, 2010, to file its motion for order on remand, there is no evidence in the record demonstrating that the defendants actually were prejudiced by such delay. The defendants had ample opportunity to argue that good cause existed for their failure to pay the judgment rendered against them in 2001. A hearing on the plaintiff's motion for order on remand was held, after a continuance, at which both the plaintiff and defendants offered oral argument. At that hearing, the defendants declined to present evidence demonstrating that they had good cause sufficient to waive paying interest under § 1602-C. Moreover, at the time the plaintiff's motion was filed, it is undisputed that the defendants still had not satisfied their outstanding judgment.

Furthermore, even if the defendants' failure to address the issue of good cause in their objection to the plaintiff's motion for order on remand had been due in part to the plaintiff's delay in filing its motion, the defendants had the opportunity to demonstrate good cause for their failure to pay the judgment at the hearing on the plaintiff's motion. On appeal to this court, the defendants argue that they consistently have attempted to satisfy the $445,000 judgment, beginning in 2006, but were prevented from doing so due to ongoing settlement negotiations. They also maintain that they could not satisfy the judgment, because it was unclear who

should receive payment due to a pending involuntary bankruptcy action, which led to the eventual filing of an interpleader action on May 21, 2010, nine years after the original judgment was rendered.

In reference to these arguments, the trial court found that "[i]f there has been delay, the blame does not lie solely on the shoulders of the plaintiff. The defendants, underwriters of a world-renowned insurance company, have continued steadfastly to withhold payment of a final judgment of this court for all this time. The court rejects the waiver argument insofar as i[t] applies to postjudgment interest."

After reviewing the record in the light most favorable to upholding the trial court's ruling, as we must, we are not persuaded that the court improperly determined that the defendants failed to demonstrate the good cause necessary to waive payment of interest. This is especially true considering that this court has noted that large commercial insurance carriers engaged in business do not act in a vacuum, but rather are aware of the risks entailed by failing to pay policy awards or judgments in a timely manner. See *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective,* 121 Conn. App. 31, 43, 994 A.2d 262, cert. denied, 297 Conn. 918, 996 A.2d 277 (2010). The trial court's finding, that the plaintiff was not solely to blame for the defendants' failure to satisfy the underlying judgment, was reasonable under the circumstances. We conclude, therefore, that the court properly exercised its discretion to grant postjudgment interest under § 1602-C of the Maine Revised Statutes.

The judgment is affirmed.

In this opinion the other judges concurred.